■ The People of the State of New York, Respondent, v Richard McGonagle, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered July 10, 1981, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by vacating the sentence and remitting the matter to the Supreme Court, Queens County, for resentencing. As so modified, judgment affirmed. The sentencing minutes indicate that the sentencing court misread section 70.02 of the Penal Law and erroneously concluded that the minimum indeterminate sentence it could impose on defendant's conviction of manslaughter in the first degree was 8⅓ to 25 years. This was indeed the sentence the court imposed. In actuality, the minimum sentence permissible for this class B violent felony is two to six years (cf. Penal Law, § 70.02, subd 3, par [a]; subd 4). Since the sentence imposed was based upon an erroneous interpretation of law, resentencing is necessary. The court's erroneous interpretation of the permissible sentences under section 70.02 of the Penal Law for a class B violent felony casts doubt on whether the court fully understood the permissible range of sentences it could impose for the crime of criminal possession of a weapon in the second degree, a class C violent felony. Consequently, defendant also should be resentenced on his conviction for that crime. Titone, J. P., Mangano, Gibbons and Gulotta, JJ., concur.