■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS BRIGGS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Di Tucci, J.), rendered January 30, 1984, convicting him of attempted burglary in the second degree, possession of burglar's tools and criminal trespass in the third degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by vacating the sentence. As so modified, judgment affirmed and matter remitted to the Supreme Court, Queens County, for resentencing.

There was sufficient evidence to support the jury's verdict finding defendant guilty on all counts of the indictment. The record discloses that complainant, while watching late-night television, was aroused by noises emanating from his backyard. He went into the bathroom, partially pulled up the window shade, and discovered defendant pulling at the wire mesh screen with a pair of pliers. Defendant then started "jiggling" at the doorknob. He was foiled in his efforts because the door was locked. Complainant ran out of the bathroom to investigate, and when he opened the front door, he observed a radio patrol vehicle which he flagged down. The complainant followed the police into the backyard and there they discovered defendant holding a pair of pliers. Defendant stared at the police and his mouth dropped open.

We cannot say, based on these facts, that the jury drew "unwarranted conclusions based on probabilities of low degree" (*People v Benzinger,* 36 NY2d 29, 32). Defendant had pried on the window screen and marks later discovered on the screen were consistent with marks that could have been made by a pair of pliers. Defendant did not have permission or authority to enter the backyard, and it was nighttime, a factor which has historic relevance to the crime of burglary (*see, People v Castillo,* 47 NY2d 270, 278). That defendant was not successful in his attempt is not dispositive since the State " 'need not establish what particular crime the intruder intended to commit' * * * nor is it necessary that the intended crime in fact be committed" (*People v Mackey,* 49 NY2d 274, 279).

We further find that it was reasonable for the jury to conclude that defendant possessed the pliers with the requisite intent to use them in furtherance of a commission of a crime (*see, People v Borrero,* 26 NY2d 430; *People v Diaz,* 23 NY2d 811).

Contrary to defendant's assertion that he was deprived of a fair trial because of allegedly prejudicial comments made by the prosecutor during summation, we find that certain of these remarks were made in response to defense counsel's summation, and that the remaining remarks, although inappropriate, do not warrant reversal.

We find it necessary, however, to vacate the sentence imposed and to remit the matter for resentencing because the court misconstrued certain provisions of the Penal Law relating to time off for good behavior and parole eligibility (*see,* Penal Law § 70.30 [4] [a]; § 70.40 [1] [a]), and based its sentence on an erroneous interpretation of the law (*see, People v McGonagle,* 96 AD2d 1104). Lazer, J. P., Gibbons and O'Connor, JJ., concur.

Weinstein, J., concurs in part and dissents in part, with the following memorandum:

While I concur with the majority's conclusion that defendant's guilt was proven beyond a reasonable doubt and that certain prejudicial comments made in the course of the prosecutor's summation do not warrant reversal of the judgment of conviction, I do not agree that the matter must be remitted for resentencing. The majority's holding is predicated on the assumption that the court sentenced defendant to a minimum of 3½ years on his conviction of attempted burglary in the second degree only because it erroneously believed that the sentence could be cut down to two thirds of that time if defendant showed good conduct. An intent on the part of the sentencing court to have defendant incarcerated for at least a minimum term of 2 to 4 years is inferred from the following language: "I'm going to sentence you as a predicate felon and I think you need the minimum of three and a half years because if you behave yourself and show good conduct, that will be cut down to two thirds".

The court's reference to an early release was concededly improper inasmuch as good behavior time is credited only against the maximum length of a sentence (Penal Law § 70.30 [4] [a]; § 70.40 [1]). However, I do not see this reference as by any means indicative of an intent to impose any sentence other than the one specifically pronounced.

Based upon my reading of the sentencing minutes, I conclude that the court clearly intended, on the basis of the probation report and defendant's extensive criminal history, which includes some 19 arrests and 14 convictions, to sentence defendant to a term of 3½ to 7 years on his conviction of attempted burglary in the second degree, the most serious of the crimes with which he was charged. After considering defendant's age and circumstance, Criminal Term rendered the following opinion: "[T]he best place for you is not on the streets and back home because at home you apparently always get into trouble and I believe prison, while it's not the best alternative, is the only alternative I have left". Moreover, the sentencing court took into account defendant's needs by ordering protective custody for him and encouraging him to get acquainted with the prison minister or to get involved in some "laymen type programs" while incarcerated.

I find the case of *People v McGonagle* (96 AD2d 1104), upon which the majority relies, to be totally inapposite to the instant situation. In that case, the sentencing court erroneously interpreted Penal Law § 70.02 in concluding that the minimum indeterminate sentence allowed for the subject crime was 8⅓ to 25 years. In actuality, the minimum sentence permissible for

the subject crime was 2 to 6 years. Since the sentence imposed was based upon an erroneous interpretation of law, this court determined that resentencing was necessary.

The error involved in the instant case was not so fundamental in nature. Nor can it be said that the sentence imposed was based upon the court's erroneous interpretation of the good-behavior-time provision. The fact remains that had Criminal Term intended to sentence defendant to a 2 or a 2½ year minimum term, it would have specified this at the time of sentencing.

Inasmuch as there was neither an abuse of discretion by the sentencing court nor a failure to observe accepted sentencing principles, the sentence imposed should not be disturbed (*People v Suitte*, 90 AD2d 80, 86).