■ The People of the State of New York, Respondent, v Santiago Comacho, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered March 4, 1982, convicting him of robbery in the first degree, robbery in the second degree (four counts), assault in the second degree, criminal possession of stolen property in the third degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The court properly denied the request to submit certain crimes as lesser-included offenses where under no reasonable view of the evidence could it be determined that defendant had committed the lesser and not the greater offense (CPL 300.50; *People v Green,* 56 NY2d 427, 430). We have considered defendant's other contentions and find them to be without merit. Lazer, J. P., Mangano, O'Connor and Brown, JJ., concur.

■ The People of the State of New York, Respondent, v Jeanette Corriere, Appellant. — Judgment of the Supreme Court, Westchester County (Rubin, J.), rendered April 15, 1981, affirmed. (*See, People v Charleston,* 54 NY2d 622; *People v Pellegrino,* 60 NY2d 636.) Thompson, J. P., Bracken, Weinstein and Niehoff, JJ., concur.

■ The People of the State of New York, Respondent, v Eric S. Eason, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered May 26, 1983, convicting him of attempted burglary in the second degree, upon a jury verdict, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of 3½ to 7 years.

Judgment affirmed.

The totality of the evidence permits no reasonable hypothesis except that of defendant's guilt. The fact that defendant was identified by witnesses as the only person in the immediate vicinity of the house he was accused of attempting to burglarize, both before and after the alarm sounded, coupled with the fact that the rear door to the house was found open and its paint recently damaged, are facts which are all consistent with guilt and inconsistent with innocence, thereby justifying the jury's inference of guilt (*see, People v Kennedy,* 47 NY2d 196). Mollen, P. J., Niehoff, Rubin and Lawrence, JJ., concur.