◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR KITLITZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered February 6, 1985, convicting him of attempted burglary in the second degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), it was legally sufficient to support the defendant's conviction of attempted burglary in the second degree. We reject the defendant's contention that the People may not establish that he engaged in conduct tending to effect an unlawful entry entirely through circumstantial evidence *(see,* Penal Law § 140.25 [1]; § 140.00 [5]; § 110.00; *People v Briggs,* 111 AD2d 340; *People v Clark,* 70 AD2d 683). The key prosecution witness, an off-duty correction officer, testified that he saw the defendant and his companion standing in the area between the double doors of his apartment building and jiggling the inner door. As the complainant walked towards them, the defendant and his accomplice ran

outside. When asked to explain their presence in the vestibule area, the defendant asserted that they were there to see Bruno. However, nobody named Bruno resided at the premises in question. The complainant then observed that the defendant was attempting to conceal a crowbar in his coat. Moreover, an inspection of the inner door by the complainant and the building custodian revealed that the wood surrounding the lock had been freshly chipped. In addition, the doorknob had been jarred loose and required tightening. The observations of the complainant taken together with the evidence of the markings on the door, which were consistent with the use of a crowbar, sufficiently established the attempted unlawful entry and tended to exclude to a moral certainty every reasonable hypothesis of innocence *(see, People v Vivenzio,* 103 AD2d 1044; *People v Benzinger,* 36 NY2d 29).

The brief references by the prosecutor on cross-examination and summation to the fact that the defendant possessed a quantity of jewelry at the time of the crime, did not deprive the defendant of a fair trial. In both instances, the defendant's objections were sustained, the court issued prompt and extensive curative instructions both at the time of the misconduct and again in the charge, and the court sought and procured the assurances of the jurors that they would not consider the improper evidence in the course of their deliberations. In view of the overwhelming evidence and the extent of the curative instructions it cannot be said that the jury's verdict was influenced by the improper references to the jewelry and the error was therefore harmless *(see, People v Santiago,* 52 NY2d 865; *People v Sanchez,* 136 AD2d 751).

We have considered the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.