■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER LIPSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered August 16, 1989, convicting him of attempted burglary in the second degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to sustain the defendant's conviction of attempted burglary in the second degree. The defendant was observed attempting to gain entry to the subject premises. When the police apprehended the defendant at the scene he was found in possession of two knives, a screwdriver, a flashlight and a pronged, fork-like object. The arresting officer testified that the recovered implements were consistent with tools used in break-ins. Moreover, when advised of the crime with which he was being charged the defendant responded "You can't lock me up, I didn't get in yet". The totality of evidence permits no reasonable hypothesis except that of the defendant's guilt (see, e.g., People v Kitlitz, 141 AD2d 565; People v Briggs, 111 AD2d 340; People v Eason, 111 AD2d 829). The jury apparently chose to discount the defendant's explanation for his presence at the premises he attempted to enter, i.e., that he needed to use the bathroom. Resolution of issues of credibility, as well as the weight to be accorded to the

evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Mangano, P. J., Thompson, Lawrence and O'Brien, JJ., concur.