■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIME ROSADO, Appellant. [595 NYS2d 16] —Judgments, Supreme Court, New York County (Howard E. Bell, J.), rendered September 13, 1990, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and, upon a guilty plea, of criminal sale of a controlled substance in the third degree, and sentencing him to concurrent prison terms of 6½ to 13 years, unanimously affirmed.

Defendant's claims of prosecutorial misconduct during di-

rect and cross-examination are largely unpreserved for appellate review and, in any event, are without merit. The record indicates that the defense, not the People, initially established on cross-examination of the arresting officer that defendant's wife, later to be called as a witness, had been arrested along with her husband. Moreover, the prosecutor's cross-examination of defendant's wife focused not so much on her arrest, which had already been disclosed by the defense, but, for impeachment purposes, on events that led to her conviction for disorderly conduct. No prejudice resulted to defendant from the prosecutor's attempt to elicit testimony that a prosecution witness was lying because the defense objection was promptly sustained and the prosecutor moved on to another line of questioning.

Defendant's claim that the trial court improperly led the jury to believe that only defendant's wife was to be considered an interested witness is also unpreserved. In any event, when considered in context *(see, People v Mosley,* 67 NY2d 985), the trial court's charge made it clear that the jurors were not to reject the testimony of an interested witness merely because of such interest.

Finally, since defendant has now been convicted nine times, including three felonies, the sentences imposed were not excessive. Concur—Milonas, J. P., Rosenberger, Kupferman and Ross, JJ.