■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ELICIER, Appellant. [622 NYS2d 514] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered April 1, 1993, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of 5 to 10 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People (People v Acosta, 80 NY2d 665, 672) and giving deference to the jury's finding of credibility (People v Bleakley, 69

NY2d 490, 495), we conclude that defendant's guilt was proved beyond a reasonable doubt by legally sufficient evidence, including a security officer's observation of defendant at 2 o'clock in the morning, as he looked around prior to entering through a window of an apartment which defendant admitted that he had seen on prior occasions and knew to be vacant; defendant's removal of a glass top table, which could easily be seen from the street, within three minutes of his entry; and defendant's false claim that the building superintendent had authorized him to enter the apartment and remove the table, despite defendant's excuse that he entered the apartment in order to use the bathroom *(People v Lipson,* 165 AD2d 836, *lv denied* 77 NY2d 879).

The People did not expressly limit themselves to proving that defendant intended to commit a larceny upon his entry into the apartment when, in response to defense counsel's argument that defendant could not have intended to commit any crime since the table had been abandoned, the prosecutor theorized during her summation that defendant's removal of the table further demonstrated his intent to commit a crime *(People v Bess,* 107 AD2d 844, 846).

Defendant's claims of prosecutorial misconduct in examining the People's witnesses about the recovery and vouchering of the screwdriver are unpreserved *(People v Rosado,* 191 AD2d 255, *lv denied* 81 NY2d 1019), and in any event without merit.

Defendant's contentions regarding the prosecutor's summation are unpreserved *(People v Balls,* 69 NY2d 641), and we decline to review them in the interest of justice. If we were to review them, we would find that the remarks were a fair response to the defense arguments *(People v Galloway,* 54 NY2d 396), including the prosecutor's suggestion that the jury should evaluate defendant's motive to lie and her claim that the People did not need to provide diagrams to prove that defendant could see into the apartment *(People v McCray,* 167 AD2d 304, *lv denied* 77 NY2d 880).

We have examined defendant's remaining contentions and find them without merit. Concur—Wallach, J. P., Rubin, Kupferman and Tom, JJ.