■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO MUNOZ, Appellant. [648 NYS2d 99] —Judgment, Supreme Court, New York County (James Leff, J., at jury trial; Franklin Weissberg, J., at sentencing), rendered December 22, 1993, convicting defendant of manslaughter in the first degree, and sentencing him to a term of 5 to 15 years, unanimously affirmed.

The trial court properly denied defendant's request for a jury charge on reckless manslaughter in the second degree as a lesser included offense of intentional murder in the second degree, as there is no reasonable view of the evidence that would permit a finding that the death was the result of reckless action (*see, People v Scarborough*, 49 NY2d 364, 368).

The theory of prosecution set forth in the indictment, charging intentional murder in the second degree, was that defendant caused the death of the victim "by stabbing him", and the prosecutor maintained this theory throughout trial. As the defense position was that there was reasonable doubt as to defendant's guilt, based, in part, on alleged improper police handling of the knife recovered from the scene and entered into evidence, which contained traces of blood, some consistent and some inconsistent with that of the victim, the prosecutor was entitled to argue in opening and in summation that there was sufficient evidence to prove that the offered knife was the

weapon used in the stabbing of the victim. This was mere argument and did not expressly limit the prosecutor's proof regarding the stabbing of the victim to proof that the knife recovered was the murder weapon (*see, People v Elicier*, 212 AD2d 367, *lv denied* 85 NY2d 972). Thus, the prosecutor properly argued in summation that although the People believed that the evidence was sufficient for the jury to find that the knife entered into evidence was the knife used to stab the victim, the People were not obligated to prove that alleged fact beyond a reasonable doubt as an element of the crimes charged.

We find no abuse of discretion in sentencing. Concur—Rosenberger, J. P., Kupferman, Nardelli, Tom and Mazzarelli, JJ.

