■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON CLARK, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered March 1, 1978, upon a verdict convicting defendant of the crime of burglary in the second degree. Initially, defendant contends that the evidence was insufficient to sustain the jury's verdict, arguing that the People failed to carry their burden of proof on the issues of whether defendant entered the premises with the intent to commit a crime and whether his entry was unlawful (see Penal Law, § 140.25). There was testimony, however, that defendant and a codefendant entered the premises through the front door, which had been forced open, and that defendant remained in the premises while the codefendant removed several items and placed them in a vehicle which defendant had been driving. There was also evidence from which the jury could conclude that defendant fled the scene when the police arrived. In our view, these circumstances permit the inference of the requisite intent (see *People v Gilligan,* 42 NY2d 969; *People v Niepoth,* 55 AD2d 970; *People v Terry,* 43 AD2d 875). On the issue of defendant's unlawful entry, there is evidence that the premises were not open to the public, that defendant's entry was forcible and that the tenant of the apartment had not given defendant or his codefendant permission to enter. We are of the view that this evidence was sufficient to permit a finding that defendant entered and remained in the premises unlawfully (see Penal Law, § 140.00, subd 5). Defendant's contention that the People failed to carry their burden of proof because there was no testimony from the tenant's roommates, who had lived with her for about three weeks, as to whether they had given defendant or his codefendant permission to enter the premises is not persuasive in light of the evidence of forcible entry. Defendant's further contention that the alibi testimony of two of defendant's witnesses created a reasonable doubt as a matter of law must be rejected since there was contradictory testimony placing defendant in the apartment and rebuttal testimony creating some doubt on the alibi testimony. This conflicting evidence created, at the most, a question of credibility which was for the jury to resolve (see *People v Henderson,* 41 NY2d 233, 236). Next, defendant contends that his conviction of burglary in the second degree and acquittal of petit larceny are repugnant requiring reversal. We disagree. While the verdicts may be viewed as inconsistent, the counts of the indictment upon which the verdicts were returned, although related to one another by the facts of the case, contain differences in the basic elements of the crimes charged and, consequently, the verdicts are not repugnant (compare *People v Smith,* 61 AD2d 91, with *People v Mitchell,* 64 AD2d 119). We also reject defendant's contention that the trial court erred in

denying his motion to preclude the prosecution from cross-examining him as to certain prior convictions following a *Sandoval* hearing (see *People v Sandoval,* 34 NY2d 371). The underlying facts of the convictions all had a direct bearing on defendant's credibility and did not tend to establish defendant's propensity to commit the crime charged. Moreover, the convictions were not so remote in time as to be irrelevant on the question of defendant's credibility. Finally, we find no clear abuse of discretion justifying our reduction of the sentence imposed by the trial court (see *People v Hochberg,* 62 AD2d 239; *People v Dittmar,* 41 AD2d 788; *People v Caputo,* 13 AD2d 861). In imposing the maximum sentence the trial court noted defendant's long history of criminal conduct, including nine convictions since 1973, when he was no longer eligible for youthful offender treatment. Judgment affirmed. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.