THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DUDLEY, Appellant.

It was within the province of the jury to assess the credibility of defendant's alibi witnesses in the face of conflicting evidence adduced by the People (*People v Bigelow,* 106 AD2d 448; *People v Clark,* 70 AD2d 683). We do not find, based upon the record, that the jury's verdict was irrational (*People v Contes,* 60 NY2d 620), particularly where two of the three alibi witnesses could not specifically recall the events of the dates in question and the third witness did not come forward with his potentially exculpatory evidence until the time of trial (*see, People v Dawson,* 50 NY2d 311, 321).

Nor was trial counsel's representation of defendant constitutionally inadequate. Defendant has not alleged any facts to show that the conduct of his assigned counsel fell below the professional standard of reasonableness or that he was prejudiced thereby (*Strickland v Washington,* 466 US 668, 104 S Ct 2052). The courts will not second-guess a reasonable trial strategy; mere losing tactics, when viewed in hindsight, do not render counsel ineffective (*People v Lane,* 60 NY2d 748; *People v Baldi,* 54 NY2d 137; *People v Montgomery,* 101 AD2d 893). Moreover, a request for a jury charge on an agency defense would have been inconsistent with defendant's position, as presented through alibi witnesses, that he was in Brooklyn at the time of the two drug sales in question. There is nothing to suggest that counsel's reliance upon the latter defense was unreasonable. Thus it cannot be said that defendant was prejudiced by the failure to request an agency charge. Finally, in view of the overwhelming evidence of guilt, the nonproduction of the person who informed the undercover police officer that defendant had illegal drugs for sale was harmless. Titone, J. P., Lazer, Niehoff and Rubin, JJ., concur.