THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE JAMES, Appellant.

On this record, the showup was not unduly suggestive (*see, People v Blake,* 35 NY2d 331, 337). The possibility that the police may have referred to the defendant as a "suspect" (*see, People v Logan,* 25 NY2d 184, 192, *cert denied* 396 US 1020) or that the defendant may have been handcuffed (*see, People v Thomas,* 105 AD2d 1098; *People v Johnson,* 102 AD2d 616, 617, *lv denied* 63 NY2d 776) does not, without more, render the showup unnecessarily suggestive; nor does the fact that the eyewitness could observe the defendant from a vantage point where he could not see her (*see, People v Brown,* 20 NY2d 238, 242-243, *cert denied* 390 US 928).

Defendant also argues that the pretrial identification should not have been admitted at trial because it was the product of an arrest unsupported by probable cause. There is no merit to this claim. The police, responding to a call of a burglary in progress, confirmed their information upon arrival at the scene. They observed the defendant, who matched the earlier description of one of the suspects, jump up and run. Thus, the officer clearly had reasonable cause to believe that the defendant committed a crime (*see,* CPL 140.10 [1] [b]; *People v Valo,* 92 AD2d 1004, 1005; *People v Rivera,* 67 AD2d 867).

Defendant's claim that the verdict of guilty of burglary in the third degree was repugnant to the verdict of not guilty of grand larceny in the third degree and petit larceny was not preserved for review (*see, People v Satloff,* 56 NY2d 745, 746; *People v McDavis,* 97 AD2d 302, 305) and is without merit in any event. The crimes have different elements (*cf. People v Tucker,* 55 NY2d 1, 6, *rearg denied* 55 NY2d 1039). Conviction for burglary only requires proof of larcenous intent not proof of actual commission of a larceny (*see, People v Barnes,* 50 NY2d 375, 379; *People v Dodson,* 96 AD2d 1116, 1117; *see also, People v Clark,* 70 AD2d 683). On this record we conclude that the verdict was amply supported by the evidence. (Appeal from judgment of Monroe County Court, Celli, J. — burglary, third degree.) Present — Dillon, P. J., Callahan, Denman, Green and Schnepp, JJ.