■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY WEYGANT, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County (Ritter, J.), rendered December 23, 1981, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On March 17, 1981, at about 11:00 P.M., the complainant, John McDermott, while in the men's room of a bar, was approached by the defendant who demanded money from him. When McDermott refused, he was punched by the defendant and someone grabbed his arms from behind when he attempted to defend himself. He then fell to the ground where his wallet was taken from his pocket and he was kicked into unconsciousness.

A witness, John McQuiston, testified that two attacks by the defendant actually occurred and he helped McDermott to his feet after the first one, then left him, still conscious and not bleeding, in the men's room. Upon returning moments later, he saw the defendant again attacking McDermott, who was on the floor, kicking him into unconsciousness. Although McQui-

ston told the defendant to leave, the defendant first went through the victim's pockets and took his wallet.

On this appeal, defendant contends that he was deprived of effective assistance of counsel and sets forth a litany of alleged errors committed by such counsel from opening statement to summation. We disagree and find that trial counsel's representation was not constitutionally inadequate. There is no showing that counsel's conduct fell below established professional standards (see, People v Baldi, 54 NY2d 137).

A reading of the record demonstrates that defense counsel put forth strenuous efforts to show the defendant in a better light and to promote the position of the defense that a third person, the witness McQuiston, actually kicked the complainant and committed the robbery. With respect to that position, defendant argues that the failure to submit the question of whether or not McQuiston was an accomplice to the jury resulted in severe prejudice and constituted sufficient error to deprive the defendant of his constitutional rights. Defendant and his counsel expressly waived the accomplice charge after a diligent inquiry by the court into the ramifications of such a decision. As it appears to have been a trial strategy based upon the defendant's position that a third party, with no connection to the defendant, was the sole perpetrator of the robbery, this court will not, in hindsight, find that the failure of that trial tactic renders counsel's assistance ineffective. Moreover, an accomplice charge, given the force with which it was argued that McQuiston was the sole responsible party, would have been inconsistent with the defendant's position at trial. Accordingly, defendant cannot claim prejudice by virtue of a waiver of the accomplice charge or the court's acceptance of that waiver (see, People v Dudley, 110 AD2d 652).

We have reviewed the defendant's remaining contention that his sentence was excessive and conclude that the indeterminate term of 5 to 15 years' imprisonment imposed by the court was not improper, nor an abuse of discretion, nor is there any basis for us to exercise our discretion to reduce such sentence (see, People v Suitte, 90 AD2d 80). Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.