■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN P. PLANTHABER, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered March 10, 1986, upon a verdict convicting defen-

dant of the crimes of attempted robbery in the first degree and attempted robbery in the second degree.

This appeal has its origin in an attempted armed robbery of a gas station. The victim, the manager of the station, testified that after having closed the station for the evening and while carrying a money bag containing approximately $2,900 in cash and credit card receipts, he was accosted by defendant, wearing a bandanna over his face, who stated "give [me] the money * * * [I] have a gun". When the victim refused, defendant struck him on the left side of the head with a tire iron. A fight ensued, during which the victim was further injured.

Defendant, who was eventually subdued and apprehended while attempting to flee, told the jury that he went to the station to steal tires; finding none suitable he decided to take hubcaps and, while kneeling on the ground looking at some, the victim attacked him. The jury rejected defendant's version and convicted him of the aforementioned crimes, prompting this appeal.

Defendant takes issue with the effectiveness of his representation, the propriety of the prosecution's cross-examination of him, and the sufficiency of the evidence underlying his conviction. We affirm.

A review of the record confirms that defendant was afforded "meaningful representation" (People v Baldi, 54 NY2d 137, 147). The deficiencies which defendant attributes to his counsel relate to counsel's purported failure to more thoroughly cross-examine the victim regarding his past record, neglecting to interpose the justification defense and to request the court to charge attempted larceny as a lesser included offense (neither of which was vindicable under any view of the evidence), matters of trial strategy and other contrived inadequacies, two of which warrant brief comment.

Defendant maintains that he made two pro se pretrial motions, one for a speedy trial (CPL 30.20, 30.30) and another charging that he was improperly denied an opportunity to appear before the Grand Jury. These motions, incorporated in a posttrial motion brought on prior to sentencing, were both denied as untimely. It is defendant's position that counsel's failure to bring these motions on his behalf supports his claim of ineffective representation.

There is no basis in the record for any claim that defendant's constitutional right to a speedy trial was abridged. And insofar as reliance is had on CPL 30.30, the record is no more supportive. It indicates that defendant was arrested May 10,

1985 and indicted June 25, 1985, at which time the People announced their readiness for trial. Defendant's motion, allegedly made November 14, 1985, less than six months later, was obviously premature. And although trial was not had until February 3, 1986, any delay was occasioned by defendant's change of attorneys; such delay is not chargeable to the People (see, CPL 30.30 [4] [f]; *People ex rel. Lewis v McMann,* 28 NY2d 496, 497).

The argument that defendant was denied an opportunity to testify before the Grand Jury in violation of his statutory rights is also meritless. Since there was no undisposed of felony complaint pending in the local Justice Court, the People were not statutorily obligated to notify defendant of the Grand Jury proceeding (CPL 190.50 [5] [a]). Nevertheless, the People did apprise defense counsel to that effect. Counsel should have made an effort to comply with defendant's claimed wish to appear before the Grand Jury or registered an objection in a timely fashion (CPL 190.50 [5] [a], [c]; *People v Jackson,* 119 AD2d 587). Here, however, that noncompliance did not amount to a denial of the effective assistance of counsel for no demonstrable prejudice appears to have accrued to defendant as a result of this oversight (cf., *People v Waters,* 27 NY2d 553).

Nor are we persuaded that County Court's ruling made during the District Attorney's cross-examination of defendant constituted reversible error. Defendant had previously pleaded guilty to a charge of robbery in the second degree as a result of a theft of a convenience store, for which he was given youthful offender treatment. In a pretrial *Sandoval* ruling, the court limited the People's inquiry into this matter to whether defendant had pleaded guilty to a felony without going into the underlying facts. The court's ruling properly accommodated the People's interest in impeaching defendant's credibility with defendant's interest in avoiding the taint of references to conduct which did not result in a criminal conviction (CPL 720.35). During cross-examination, defendant admitted committing a felony and then volunteered that he had been "adjudicated Y.O." Furthermore, in light of the court's ruling and defendant's admission, the prosecutor's reference in summation to the fact that defendant's acknowledged conduct constitutes a felony was not improper.

Finally, we find the evidence, considered most favorably to the prosecution (see, *People v Kennedy,* 47 NY2d 196, 203), fully sufficient to support the verdict. This trial distilled to a credibility issue between defendant and the victim which the

jury was at liberty to resolve in the People's favor. Therefore, we find that the verdict is not against the weight of the evidence.

Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.