■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN CHILSON, Appellant.—Mahoney P. J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered October 18, 1985, upon a verdict convicting defendant of the crimes of rape in the first degree, rape in the third degree and incest.

One day in late December 1984, defendant allegedly came home intoxicated during the early morning hours and raped his daughter, who was then 14 years old. In February 1985,

the child told authorities at her school that she had been raped by her father. The victim's parents were summoned to the school and spoke to Linda Lincoln, a Department of Social Services caseworker, and Charles Wood, a State Police investigator. The victim's mother signed a sworn statement wholly corroborating her daughter's report and admitting that she was present the morning her husband brought the victim into their bed.

Defendant was indicted and charged with forcible rape, statutory rape and incest. At trial, the victim, then 15 years of age, described the events of the incident in December 1984. The prosecution called the victim's mother who denied that defendant had ever had any sexual contact with the victim. Upon being confronted with her prior written statement, she claimed that she had signed the statement without reading it because she had been threatened with imprisonment. Lincoln and Wood testified that the victim's mother had voluntarily recounted the events, which were then transcribed by Wood and read aloud and signed by the victim's mother. Defense counsel offered the testimony of defendant's other children, three boys whose ages ranged from 9 through 16 years. They stated that they were unaware of any sexual encounters between defendant and their sister. Each side offered conflicting medical testimony on the issue of whether the victim was a virgin.

At the close of proof, County Court denied defendant's request for a trial order of dismissal. After deliberating for approximately three hours, the jury returned a verdict of guilty on all three charges. Defendant was sentenced as a predicate felon to indeterminate prison terms of 12½ to 25 years for rape in the first degree and 2 to 4 years each for the other two crimes, the latter two terms to run concurrently with the first. This appeal by defendant ensued.

A conviction of rape requires proof of sexual intercourse, which "occurs upon any penetration, however slight" (Penal Law § 130.00 [1]). Defendant, drawing attention to the conflicting medical reports and the testimony of the other members of the victim's family which contradicted her entire story, argues that the verdict was against the weight of the evidence and must be set aside. We disagree.

While it is true that the prosecution's case-in-chief consisted of the victim's testimony, it is also true that corroboration is no longer required (see, Donnino, 1984 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law

§ 130.16 [1987 Supp Pamph], at 521-522). Such testimony, if believed, is sufficient as a matter of law to prove every element of the crime. The medical testimony did not refute the victim's version of the events. The element that the People must prove is penetration, not the ensuing physical manifestations of intercourse that are ordinarily found in a medical examination. Insofar as the testimony of the other family members is concerned, the jury could reject it as unworthy of belief. The denials of the victim's mother were severely undercut by her prior sworn statement in which she stated that she had been present and witnessed the crime. In contrast, the victim's testimony was consistent and convincing. Accordingly, we see no reason to exercise our discretionary power to vacate the jury's verdict on the ground that it is against the weight of the evidence *(see generally, People v Bleakley,* 69 NY2d 490).

We also hold that County Court did not err in denying defendant's request to charge sexual abuse in the first degree as a lesser included offense. It has been held that attempted sexual abuse in the first degree is not a lesser included offense of attempted rape in the first degree *(People v Wheeler,* 67 NY2d 960, 962). On the same analysis applied in that case, sexual abuse in the first degree is not a lesser included offense of rape in the first degree.

Next, defendant's claim that he was denied a fair trial by the prosecutor's inflammatory and unfair comments made during summation is without merit. We have held that where, as here, defense counsel makes no objection, alleged improper comments by the District Attorney during summation are not preserved for our review *(see,* CPL 470.05 [2]; *People v Paige,* 120 AD2d 808, 810, *lv denied* 68 NY2d 772). Even if we were to review defendant's claim, we would conclude that since defense counsel had characterized the family members' uniform denials as believable, it was fair for the prosecutor to comment upon such proof in an attempt to cast doubt upon such testimony *(see, People v Hardwick,* 122 AD2d 165, *lv denied* 68 NY2d 813).

We also turn away defendant's claim that he was denied the effective assistance of counsel. The test in New York is whether, based on the circumstances of a particular case and judging the case as of the time of representation, it appears that the attorney provided "meaningful representation" of the accused *(People v Baldi,* 54 NY2d 137, 147). Here, defense counsel's strategy during his cross-examination of the victim was apparently aimed at isolating the victim's version of the events from the medical testimony and the testimony of the

other members of her family. The strategy failed to convince the jury that the victim was lying. Unsuccessful tactics, however, do not constitute ineffective assistance of counsel *(see, People v Satterfield,* 66 NY2d 796, 798-799). It is notable that defendant raises no other contentions of error in defense counsel's representation of him other than counsel's cross-examination of the victim.

Defendant also claims that County Court acted improperly in determining his sentence. This charge is based upon comments made by County Court at the sentencing proceeding. County Court referred to "the intimidation that apparently pervade[s] [defendant's] family" and stated that it was "very self evident throughout the trial" and that its source was "very well pinpointed". While it is true that no direct proof of intimidation appears in the record, it is also true that defendant was not convicted of or sentenced upon a charge of intimidation. Examination of the record fails to show that any undue emphasis or reliance was placed upon County Court's impressions about defendant's effect upon his family's testimony. The right to be sentenced upon accurate information rests upon the accuracy of the information supplied to the sentencing court contained in the contents of a presentence report and not upon the sentencing court's own inferences drawn from its observations. Further, assuming, arguendo, that County Court did rely upon its subjective impressions in determining defendant's sentence, County Court could properly do so in the exercise of its discretion to determine an appropriate sentence *(see, People v Williams,* 51 NY2d 803, 804).

Finally, given the nature of the crimes and the victim's age and her relationship to defendant, we cannot say that County Court abused its discretion in imposing the most severe sentence possible for the crimes of which defendant was convicted.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.