■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VALENTINO PACHECO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered July 15, 1986, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The circumstantial evidence adduced at trial was sufficient as a matter of law to support the defendant's conviction of the crime charged *(see, People v Pena,* 50 NY2d 400, 407, *rearg denied* 51 NY2d 770, *cert denied* 449 US 1087). This court has stated that appellate review of the legal sufficiency of even a wholly circumstantial case requires only a determination "that the jury did not indulge in any unwarranted inferences in applying the reasonable hypothesis standard and that the jury reached a reasonable determination of guilt beyond a reasonable doubt", not that every hypothesis other than guilt must be excluded by the evidence *(People v Betancourt,* 111 AD2d 762, 763, *affd* 68 NY2d 707).

Moreover, upon the exercise of our factual review power, we are satisfied that the defendant's guilt was proven beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The testimony of the People's witness was neither "physically impossible", "manifestly untrue", nor "self-contradictory" *(see, People v Garafolo,* 44 AD2d 86, 88).

Defense counsel's request that the court not charge the jury with voluntary intoxication constituted a waiver of the defendant's right to such a charge (1 CJI[NY] 9.45; *see, People v Higgins,* 5 NY2d 607).

Neither may the defendant be heard to complain of ineffective assistance of counsel with respect to his request that the court not charge voluntary intoxication. Courts are cautioned not to second-guess trial strategy nor to confuse ineffective assistance of counsel with failed trial strategy *(see, People v Baldi,* 54 NY2d 137, 147; *People v Dudley,* 110 AD2d 652). In the instant case, defense counsel presented evidence of the defendant's intoxication in an attempt to show impossibility and misidentification, not as a defense to negative the intent element of the burglary in the third degree charge. Mangano, J. P., Lawrence, Weinstein and Rubin, JJ., concur.