(October 20, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS H. MARLOWE, Appellant.—Casey, J. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered October 26, 1983, upon a verdict convicting defendant of the crimes of murder in the second degree and robbery in the first degree.

Defendant and his accomplice, Herman D. Neu, were indicted for two counts of murder in the second degree (intentional murder and felony murder) and one count of robbery in the first degree stemming from an incident which occurred on September 21, 1982. Having spent the evening together on that date, defendant and Neu, about 10:30 P.M., drove to the J & J Stop and Shop convenience store in the City of Binghamton, Broome County. At that time, a young woman named Christine Kamide was the clerk, and after she was left alone by the departure of a customer named Tracy Persons, Neu walked into the store and immediately shot Kamide twice in the head, killing her. Neu took $286 in cash and fled. A subsequent customer found Kamide's body and called the police. Neu returned to the car where defendant was waiting. Defendant helped dispose of the gun and received a portion of the proceeds. The two then drove into Pennsylvania where they spent the rest of the night and the early morning hours of the next day buying drinks at a bar.

Previously, on September 16, 1982, defendant and Neu, after spending the evening together, drove to the Country Store in the Village of Afton, Chenango County, where Neu entered the store at about 9:30 P.M., shot and killed James Wilcox, the clerk who was then on duty, and took $238 in cash. Neu then returned to the car that defendant was driving where the proceeds were split and the car was driven from the scene. During the day of September 21, 1982, prior to the

death of Kamide, when defendant was interrogated by investigators about Neu's whereabouts on the evening of September 16, 1982, he gave a false alibi for the benefit of Neu.

After trial on the Broome County charge, a jury convicted defendant of one count of murder in the second degree (felony murder) and one count of robbery in the first degree, as an accomplice in the robbery and felony murder of Kamide. Defendant was acquitted of intentional murder. On October 26, 1983 defendant was given concurrent prison sentences of 12½ to 25 years on the robbery conviction and 20 years to life on the murder conviction. Having previously entered a plea of guilty to the crime of felony murder in Chenango County, defendant was sentenced, subsequent to his sentence in Broome County, to 20 years to life on that plea, the sentence to run concurrently with the Broome County sentence.*

Defendant first argues on this appeal that the trial evidence was insufficient to support the guilty verdict found against him. In reviewing the sufficiency of such trial evidence, the standard to be applied is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" *(Jackson v Virginia,* 443 US 307, 319 [emphasis in original]; *Matter of Anthony M.,* 63 NY2d 270, 280).

The evidence discloses the following. Defendant and Neu were together on the night of September 16, 1982 and Neu told defendant that he intended to rob a store. Shortly after arrival in the Village of Afton, defendant saw Neu with a gun; after Neu approached the store by crossing a bridge, defendant stood on the bridge at a place where he could see Neu when Neu left the store. After hearing gun shots, defendant started the car and kept it running until Neu arrived. Defendant drove the car to a place where Neu hid the murder gun and defendant shared in the proceeds of that robbery. On September 17, 1982 defendant accompanied Neu to retrieve the murder weapon. On September 21, 1982 defendant gave police a false alibi for Neu, pursuant to Neu's directions. Defendant and Neu were again together on the night of September 21, 1982 and defendant armed himself with a knife and saw Neu arm himself with a gun. After stopping together at a friend's house to attempt to obtain drugs, Neu showed

---

* Defendant's attempt to withdraw his plea in Chenango County was denied by the trial court and this court affirmed that denial *(People v Marlowe,* 108 AD2d 955).

defendant the gun and told him he was again going to rob a store. The testimony of a witness established that defendant stood outside Neu's car when it stopped at the J & J Stop and Shop store and the jury could infer that defendant was ascertaining when Kamide was alone. After Neu killed and robbed Kamide, Neu returned to defendant's car and together they fled the scene. Again defendant helped to dispose of the murder weapon and again defendant received part of the proceeds of the robbery. Defendant then visited a bar in Pennsylvania with Neu, buying rounds of drinks.

These undisputed facts supply an ample basis for the jury's verdict that defendant was a knowing, intentional participant in the robbery and that his denial of such intentional participation was false. Accordingly, we find defendant's arguments for reversal on this issue meritless.

Prior to sentencing, defendant moved, pursuant to CPL 330.30, to set aside the verdict on the ground of newly discovered evidence, consisting of alleged "declarations against penal interest" made by Neu to fellow inmates. Defendant contends that County Court erred in denying his motion. Defendant also asserts on appeal that these declarations constituted exculpatory material which the State Police was aware of prior to defendant's trial. The inmates' statements are of questionable reliability and, at best, are exculpatory only as to the crime of which defendant was acquitted—intentional murder. There is no merit in defendant's arguments.

Defendant also claims ineffective assistance of counsel, but viewed in its totality defendant's representation was meaningful (People v Baldi, 54 NY2d 137). The defense proceeded on the theory that defendant did not intentionally participate in the crimes charged, and it was successful as to the intentional murder charge. Defendant's claim on appeal that a defense based upon duress might have been more successful does not establish the lack of meaningful representation (see, People v Pacheco, 135 AD2d 744, lv denied 71 NY2d 900; People v McRae, 134 AD2d 374, lv denied 70 NY2d 958).

Finally, in the circumstances, we see no abuse of discretion in the sentences imposed on defendant, and after examining defendant's remaining arguments, we find no error which would require reversal of the judgment of conviction.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.