■ The People of the State of New York, Respondent, v Felix Rodriquez, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garry, J.), rendered June 26, 1986, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence introduced at the trial was legally insufficient to prove intent is without merit. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), it was legally sufficient to establish the defendant's guilt. It is not necessary to establish that a particular crime was intended to be committed or that the intended crime was actually committed. Insofar as intent is subjective, it may be inferred from the defendant's conduct and the surrounding circumstances (People v Mackey, 49 NY2d 274). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Where, as here, direct and circumstantial evidence has been presented, the so-called "moral certainty" standard does not apply (see, People v Barnes, 50 NY2d 375). In the case at bar, the People successfully demonstrated, by the defendant's admission and testimony by the owner of the premises, that there was unlawful entry, defined by Penal Law § 140.00 (5) as an entry which is "not licensed or privileged". Further, the evidence of the broken loading door lock and roof hatch of the building are signs of forced entry from which it is permissible to infer that the entry was effectuated with the intent to commit a crime therein (see, People v Barnes, supra, at 381).

The defendant has not alleged any facts indicating that his trial counsel's representation was constitutionally inadequate (see, People v Dudley, 110 AD2d 652). Furthermore, since the defendant admitted that he was on the premises, counsel's concession of that fact on summation was a matter of trial tactics. This court will not second-guess trial strategy. or confuse it with the ineffective representation of counsel (see,

*People v Pacheco,* 135 AD2d 744, 745). Kunzeman, J. P., Weinstein, Rubin and Kooper, JJ., concur.