■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. McGEE, JR., Appellant.—Kane, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered June 2, 1988, upon a verdict convicting defendant of the crime of rape in the first degree.

Defendant was charged with first degree rape following his brutal attack on a woman in the City of Troy, Rensselaer County, in February 1987. The victim testified at trial that defendant grabbed her by the throat, threatened to kill her if she screamed and then raped her. The victim had met defendant earlier that night and readily identified him at trial. Her testimony was supported by laboratory tests demonstrating that sexual intercourse had occurred. Defendant was convicted and sentenced to 12½ to 25 years' imprisonment. Defendant now appeals, claiming that he was denied effective assistance of counsel and that County Court erred in refusing to charge the jury with the lesser included offense of sexual abuse in the first degree. In the alternative, defendant contends that his sentence was excessive. Finding these arguments meritless, we affirm.

The record demonstrates that defendant was afforded effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137,

147). Defendant argues that his counsel's inartful questioning of a prosecution witness allowed the introduction of evidence matching defendant's blood type with the results of laboratory tests performed on evidence taken from the crime scene. In our view, however, the probative value of the blood typing was de minimis and defendant has failed to show how counsel's error resulted in any actual or substantial disadvantage to his defense *(see, People v Downer,* 157 AD2d 913; *People v Planthaber,* 131 AD2d 927, 929, *lv denied* 70 NY2d 803) or denied him "meaningful representation" *(People v Baldi, supra,* at 147). Furthermore, defendant's claims of counsel's inadequate cross-examination or failure to assert defenses are attacks on trial strategy that fail to establish any lack of meaningful representation *(see, People v Marlowe,* 144 AD2d 104, 106, *lv denied* 73 NY2d 923, 74 NY2d 743; *People v Chilson,* 133 AD2d 931, 933-934, *lv denied* 71 NY2d 893; *People v Planthaber, supra,* at 928).

We also find that County Court correctly denied defendant's request to charge a lesser included offense *(see, People v Glover,* 57 NY2d 61, 63). "[S]exual abuse in the first degree is not a lesser included offense of rape in the first degree" *(People v Chilson, supra,* at 933). Moreover, there is no evidence in the record of sexual contact, other than defendant's penetration of the victim, that would support a finding that defendant committed sexual abuse in the first degree but not rape in the first degree *(see, People v Glover, supra).*

Finally, we cannot conclude, as defendant would have us, that the sentence imposed, which is within statutory limits, was an abuse of discretion in this case *(see, People v Du Bray,* 76 AD2d 976).

Judgment affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.