■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN SIERRA, Appellant.—Weiss, J. P. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered June 29, 1989, upon a verdict convicting defendant of the crime of criminal possession of a forged instrument in the second degree.

Defendant was convicted of possessing, with the intent to defraud another, a forged Social Security disability check payable to Robert Butler in the amount of $571. The check had been taken from Butler's mailbox and subsequently cashed in a supermarket. Following a jury trial, defendant was found guilty and was sentenced as a predicate felon to 3½ to 7 years in prison. After his CPL 440.10 (1) (a) motion to vacate the judgment was denied, this appeal ensued.

Defendant initially contends that the photo array identifica-

tion by the store clerk who cashed the check was unduly suggestive and prejudicial. The clerk first examined a mug book containing 75 photographs without recognizing defendant and then a tray containing approximately 150 photographs. Defendant's photograph was in both the book and the tray. After viewing the mug book the witness became aware, in response to her inquiry, that the suspect's picture was in the book. During her first viewing of the tray she hesitated at defendant's photograph and, during her second review of the tray, she stopped at defendant's picture, indicating that it looked similar to the person for whom she had cashed the check. The assisting detective, without any indication that the picture was that of a suspect, looked behind the picture to see if there was a second photograph. The witness immediately indicated that the second photograph was the individual for whom she had cashed the check. After a *Wade* hearing, County Court found that the photo arrays were not suggestive and that the viewing was conducted in a fair and impartial manner. The court further found, based upon the witness's 15-minute contact with defendant in a well-lighted area at close range, that she had an independent source for the identification. We agree. The determination of the suppression court, which had the advantage of seeing and hearing the witnesses, is entitled to great weight *(see, People v Prochilo,* 41 NY2d 759, 761). The circumstances described do not portend impermissible suggestivity *(see, People v Sheirod,* 124 AD2d 14, 18-19, *lv denied* 70 NY2d 656), and the reliability of the witness's independent ability to identify defendant based upon her viewing of defendant at the check cashing was clearly established *(see, Manson v Brathwaite,* 432 US 98, 111-116).

Defendant next contends that County Court erred in its *Sandoval* hearing by failing to specifically instruct the jury that defendant was the only available source of material testimony to support his defense *(see, People v Sandoval,* 34 NY2d 371, 378). Initially, we note that defendant neither raised this issue in his *Sandoval* motion, met his burden of proof on this issue, nor objected to the court's ruling on these bases, and thus failed to preserve the matter for appellate review (CPL 470.05 [2]; *see, People v Jones,* 81 AD2d 22, 29-32; *see also, People v Sandoval, supra,* at 378). Here, County Court limited the prosecutor's inquiries to three felony convictions, two burglaries and one attempted assault. On the attempted assault, the prosecutor was limited to asking whether defendant had been so convicted, without inquiry into the underlying circumstances. County Court clearly and properly bal-

anced the probative value of the prior crimes on the issue of defendant's testimonial credibility against the danger of prejudice in suggesting a propensity toward criminal activity *(see, People v Sandoval, supra,* at 378).

Nor do we find that defendant's criminal history was improperly exposed to the jury by inference. Defendant's fingerprint card, which was introduced as a foundation to establish that the latent prints found on the forged check were in fact his prints, had been properly redacted to remove criminal references. Other than requesting the redaction, defendant made no objection to the card's introduction into evidence. During defendant's cross-examination, a witness mentioned that she was commencing a relationship with a new boyfriend only after learning that defendant would be in jail for a while. This remark referred to defendant's incarceration because of his inability to post bail. In any event, County Court struck the statement from the record and properly instructed the jury to disregard the remark.

Defendant contends that his former girlfriend, Crissey Brown, was an accomplice and argues that there was insufficient corroboration of her testimony to sustain his conviction. We disagree. Defendant was seen by a third party in possession of the check and a blank identification card containing his picture. At that time, he told the witness that he was going to cash the check. Defendant's fingerprints were on the check. The store clerk testified that defendant was present when the forged check was cashed and that an identification card in the name of Robert Butler was presented by him. These independent sources of evidence provide material proof fairly and reasonably tending to connect defendant with the commission of the crime (CPL 60.22 [1]; *see, People v Hudson,* 51 NY2d 233, 237-239).

Defendant's remaining arguments are similarly without merit. By all standards and when viewed in totality, defendant had competent and meaningful legal representation *(see, People v Satterfield,* 66 NY2d 796, 799-800; *People v Baldi,* 54 NY2d 137, 147; *see also, Strickland v Washington,* 466 US 668). Nor can we agree that the sentence imposed was either harsh, excessive or an abuse of County Court's discretion *(see, People v McGee,* 161 AD2d 1034; *People v Mackey,* 136 AD2d 780, 781, *lv denied* 71 NY2d 899).

Judgment affirmed. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.