OPINION OF THE COURT
Gerald Sheindlin, J.
The defendant is charged with attempted murder in the second degree and moves to dismiss the indictment on the grounds that he was denied his right to testify before the Grand Jury, pursuant to CPL 190.50, as a result of ineffective assistance of counsel. The issue presents a question of first impression.
FACTS
There is no dispute as to the facts.
The defendant was arrested on September 23, 1990 and charged with attempted murder in the second degree and other crimes. The defendant was arraigned in Bronx Criminal Court on September 24th and was represented by assigned counsel. The People served notice of their intention to present the case to the Grand Jury (CPL 190.50). Defense counsel reserved the defendant’s right to testify before the Grand *582 Jury. The case was adjourned to September 28, the CPL 180.80 day.
On September 28, 1990 the defendant was not produced in court by the Department of Correction. The case was adjourned to October 1st. On October 1st, the Department of Correction again failed to produce the defendant in court. Notwithstanding the absence of the defendant and lack of consultation with him, defense counsel informed the People that the defendant would not testify before the Grand Jury. The matter was adjourned to the Supreme Court Arraignment Part for October 23, 1990.
Once the defendant learned that his assigned counsel waived his right to testify before the Grand Jury, the defendant retained his present counsel. On October 23 the defendant was produced in the Supreme Court Arraignment Part represented by his retained counsel. Also present was defendant’s original assigned counsel. Upon being questioned by the arraignment Judge, the defendant’s original assigned counsel admitted to waiving the defendant’s right to testify before the Grand Jury without ever consulting with the defendant. Retained counsel informed the court of the defendant’s desire to testify before the Grand Jury and timely filed the instant motion to dismiss the indictment.
CONCLUSIONS OF LAW
The right to counsel is guaranteed by the Federal and State Constitutions (US Const 6th Amend; NY Const, art I, § 6). The enforcement of this right, however, "calls for more than merely pro forma appointment of or service by a member of the Bar. The legal assistance provided must be 'effective’. * * * To insure that it is, Trial Judges have a continuing legal duty, not to be lightly eschewed, to see to it that the proceedings are conducted with solicitude for the essential rights of the accused * * *. They should carefully evaluate serious complaints about counsel”. (People v Medina, 44 NY2d 199, 207.) While it is agreed that "what constitutes effective assistance is not and cannot be fixed with yardstick precision * * * [if] the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met”. (People v Baldi, 54 NY2d 137, 146-147; emphasis added.)
The defendant in this case contends that his original coun *583 sel’s conduct constituted ineffective assistance of counsel. This court agrees. CPL 190.50 provides a statutory right for a defendant to testify before the Grand Jury. In order for this right to have any force and effect, a defendant, at the very least, should be afforded the opportunity to consult with his attorney concerning this critical decision. The original counsel’s failure to consult with his client and then unilaterally waiving his client’s rights constitutes such a complete lack of meaningful representation as to be the equivalent of no representation at all. While there appear to be no cases directly on point, under the circumstances of this case, such a failure must be construed as nonrepresentation at a critical stage of the proceeding and must result in dismissal of an indictment on the grounds of violation of defendant’s constitutional right to counsel. As the court noted in People v Lincoln (80 AD2d 877 [where defense counsel failed to continue to represent the defendant before determination of whether or not the defendant would testify in the Grand Jury]), "The inaction by the Legal Aid Society combined with the failure to assign new counsel prior to the Grand Jury presentation amounted to a denial of defendant’s right to assistance of counsel as guaranteed by both the Federal and State Constitutions * * *. As a consequence of such denial, defendant was effectively precluded from exercising his right to appear and testify before the Grand Jury which voted to indict him.” (See also, People v Stevens, 151 AD2d 704.)
The facts of this case are distinguishable from those circumstances where counsel discusses the matter with the defendant and they disagree on the issue. (See, People v Hamlin, 153 AD2d 644; People v Planthaber, 131 AD2d 927; People v Helm, 51 NY2d 853.)
CONCLUSION
For the foregoing reasons, this court finds that assigned counsel’s waiver of the defendant’s right to testify before the Grand Jury without ever consulting with him constitutes such ineffective assistance of counsel as to constitute no representation at all. Accordingly, the defendant was deprived of his right to effective assistance of counsel pursuant to the Federal and State Constitutions and of his right to testify before the Grand Jury. Hence, defendant’s motion to dismiss the indictment is granted. Leave to re-present is granted.