**3** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY SAMULL, Appellant.—Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered October 30, 1989, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Initially we hold that, because defendant failed to previously move to suppress the steel rod as the product of an unreasonable search and seizure, the issue of its admissibility has not been preserved for appellate review *(see, People v Gonzalez,* 55 NY2d 887, 888; *People v Hollman,* 168 AD2d 259, 260, *affd* 79 NY2d 181; *People v Smith,* 145 AD2d 517, 518). Next, we disagree with defendant's contention that County Court erred in allowing the prosecution to question defendant with respect to a prior conviction for a crime wherein he used a loaded gun. Not only did the court properly balance the probative value of the prior crime against any possible danger of prejudice *(see, People v Sierra,* 167 AD2d 765, 766-767, *lv denied* 77 NY2d 882), but it specifically instructed the jury that defendant's prior conviction could only be considered on the issue of defendant's testimonial credibility *(see, e.g., People v Allen,* 172 AD2d 542, 544, *lv denied* 78 NY2d 961). Finally, as this court has previously determined that Penal Law § 205.00 (3) "does not constitute an unconstitutional delegation of legislative authority" *(People v Anderson,* 127 AD2d 885, 886), defendant's claim to the contrary is without merit.

Mercure, J. P., Crew III, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.