■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN K. BOURNE, Appellant. [847 NYS2d 738]—

Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered March 30, 2003, upon a verdict convicting defendant of two counts of the crime of grand larceny in the fourth degree.

On two separate dates in late 2001, defendant purchased train tickets—each in excess of $1,000—from an Amtrak station in Schenectady County. One ticket was purchased using a check drawn on a closed bank account and the other on an account that was already overdrawn. He was subsequently indicted on two counts of grand larceny in the fourth degree. Following a *Wade* hearing, County Court (Hoye, J.) found that the photo array and the manner in which it was presented by Amtrak detective Steven Ulrich to the two Amtrak ticket agents who sold defendant the tickets was not unduly suggestive. At a *Sandoval/ Molineux* hearing, defendant's extensive criminal history, including many convictions for crimes related to writing bad checks, was addressed, with County Court (Catena, J.) permitting the People to introduce some of defendant's prior convictions on their direct case for the purpose of showing intent and the absence of mistake or accident and, also, in the event defendant elected to testify, permitting inquiry about some of his prior convictions on cross-examination. Defendant's motion for an adjournment and permission to serve a late psychiatric notice was denied. He was convicted by a jury of the two charged crimes and sentenced, as a second felony offender, to two consecutive prison terms of 1½ to 3 years. Defendant appeals.

Defendant contends that the procedure used to present the photo array was unduly suggestive because Ulrich allegedly told the witnesses that a suspect was included in the array. However, "advising a witness that a photograph of the suspect is included in the array 'is not fatal to the propriety of the procedure' " (*People v Brennan*, 261 AD2d 914, 915 [1999], *lv denied* 94 NY2d 820 [1999], quoting *People v Smith*, 140 AD2d 647, 647 [1988], *lv denied* 72 NY2d 961 [1988]; *see People v Sierra*, 167 AD2d 765, 766 [1990], *lv denied* 77 NY2d 882 [1991]). We discern in this record no reason to set aside the determination of the suppression court, which concluded that the procedure employed

was not impermissibly suggestive under the circumstances (*see People v Sierra*, 167 AD2d at 766).

Nor are we persuaded that County Court erred in denying defendant's requests to adjourn the trial and permit a late notice of intent to use psychiatric evidence. The decision whether to permit psychiatric evidence despite a failure to provide timely notice (*see* CPL 250.10) lies within the sound discretion of the trial court (*see People v Hill*, 4 NY3d 876, 877 [2005]; *People v Berk*, 88 NY2d 257, 265-266 [1996], *cert denied* 519 US 859 [1996]; *People v Damanski*, 39 AD3d 1023, 1024 [2007], *lv denied* 9 NY3d 864 [2007]). Defendant had been found competent following a CPL article 730 examination, was arraigned and pleaded not guilty in July 2002, and defense counsel did not make the application for an adjournment and permission to serve a late psychiatric notice until the week before the February 2003 trial date. The application was premised upon the fact that defendant had falsely indicated he owned a home which he did not own. Under such circumstances, County Court did not abuse its discretion in denying the application.

Next, we consider defendant's challenge to County Court's *Molineux* and *Sandoval* rulings. While it is well settled that a defendant's prior bad acts and criminal convictions cannot be introduced as part of the People's case to show a criminal propensity, such evidence may be permitted if it falls within one of the general rule's exceptions—which include proof of motive, intent, absence of mistake or accident, identity, or common scheme or plan—and the probative value outweighs the potential for prejudice (*see People v Rojas*, 97 NY2d 32, 36-37 [2001]; *People v Alvino*, 71 NY2d 233, 241-242 [1987]). Where a defendant's state of mind is at issue and intent cannot be easily inferred from the commission of the act, proof of prior similar acts may be admissible to negate an innocent state of mind (*see People v Alvino*, 71 NY2d at 242; *Matter of Brandon*, 55 NY2d 206, 211 [1982]; *cf. People v Vargas*, 88 NY2d 856, 858 [1996]). The crimes with which defendant was charged required the People to prove intent and such element was not easily inferred from the act. Indeed, defendant contended that he accidentally wrote checks on a closed account and an account with insufficient funds. The People sought to introduce 25 prior instances of similar conduct. County Court limited the proof to five prior instances and gave appropriate limiting instructions to the jury. We find no error in County Court's handling of this evidence.

County Court did not abuse its discretion with regard to the *Sandoval* issue (*see People v Gray*, 84 NY2d 709, 712 [1995]; *People v Boodrow*, 42 AD3d 582, 584 [2007]). The People sought

to cross-examine defendant regarding 40 prior bad acts and convictions. The court weighed the probative value against the danger of undue prejudice and ruled that it would permit full inquiry of four prior convictions involving bad checks where defendant had pleaded guilty and limited inquiry of the existence of seven other convictions in which defendant had pleaded guilty. This *Sandoval* compromise was within the court's discretion when considered in light of the facts and circumstances of this case (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]; *People v Grady*, 40 AD3d 1368, 1370 [2007], *lv denied* 9 NY3d 923 [2007]; *People v Blair*, 32 AD3d 613, 614 [2006]).

We have reviewed and find no merit in defendant's argument that County Court erred in denying his CPL 330.30 motion. The issues raised therein did not require reversal or modification (*see* CPL 330.30 [1]). We further find neither an abuse of discretion in the sentence imposed nor extraordinary circumstances meriting a modification in the interest of justice (*see People v Houghtaling*, 14 AD3d 879, 883-884 [2005], *lv denied* 4 NY3d 831 [2005]). Defendant's assertion that the sentences must run concurrently is without merit (*see generally* Penal Law § 70.25 [1]; *People v Laureano*, 87 NY2d 640, 643 [1996]; *People v Kownack*, 20 AD3d 681, 682 [2005]).

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgment is affirmed.