The People of the State of New York, Respondent, 
against
Felix Guzman, Appellant.




New York City Legal Aid Society (William B. Carney, Esq.), for appellant.
District Attorney Kings County (Kristen A. Carroll, Esq.), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (George A. Grasso, J.), rendered August 4, 2014. The judgment convicted defendant, after a nonjury trial, of sexual abuse in the third degree, attempted endangering the welfare of a child, and harassment in the second degree.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged, in a prosecutor's information, with sexual abuse in the third degree (Penal Law § 130.55), attempted endangering the welfare of a child (Penal Law §§ 110.00, 260.10 [1]), and harassment in the second degree (Penal Law § 240.26 [1]). The prosecutor's information alleged that defendant had kissed a 15-year-old girl on the mouth and grabbed her buttocks. After a nonjury trial, defendant was found guilty as charged. The victim, her father, and a police officer testified for the prosecution. Defendant testified in his own behalf, and his wife also testified for the defense. On appeal, defendant contends that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt and that the verdict of guilt was against the weight of the evidence. He claims that it made no sense that defendant, a 50-year-old man with no criminal record, would commit these acts against a 15-year-old friend of the family at a party with 50 other people present. He asserts that the testimony of the victim was uncorroborated. The victim testified at the trial that she was a friend of defendant's family. She had been sullen and upset after the incident, yet she admitted that she had smiled and posed for photographs that were admitted into evidence, and had stayed at the party following the incident.
The People argue, among other things, that defendant, in fact, does not claim that the evidence was legally insufficient, but that the victim's testimony was not credible because no one else saw the incident, and defendant's wife testified that she would have seen the incident from [*2]where she was sitting had it actually occurred. The People assert that the victim's father, defendant, and his wife all agreed that defendant had left the party after the incident had occurred, which, the People contend, is evidence of a consciousness of guilt.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that defendant's guilt was supported by legally sufficient evidence. The victim testified that defendant had kissed her on the mouth for two seconds, after which he placed his hands on her buttocks. The victim essentially testified that she had smiled to keep up appearances and stayed at the party after the incident so as not to upset her friend, defendant's daughter. She explained that she had been upset for the rest of the time she had remained at the party, and provided credible explanations as to why she had smiled while posing for photographs and why she had stayed at the party with her father after the incident — that she did not want to embarrass her friend, whose father she was accusing of crimes. Corroboration of the victim's testimony was not required (see People v Fuller, 50 NY2d 628, 636 [1980]; People v Chilson, 133 AD2d 931, 932 [1987]). The victim's testimony "was not incredible as a matter of law inasmuch as it was not manifestly untrue, physically impossible, contrary to experience or self-contradictory' " (People v Gallegos, 30 Misc 3d 138[A], 2011 NY Slip Op 50214[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011], quoting People v Lynch, 69 AD3d 959, 959 [2009]; see People v Shannon, 42 Misc 3d 127[A], 2013 NY Slip Op 52144[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
In conducting an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor. This court must determine, based on the credible evidence, whether a different result would have been unreasonable (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Zephyrin, 52 AD3d 543 [2008]). Based on the testimony of defendant and his wife, an acquittal would not have been unreasonable. Here, however, "defendant gave a different account of the events than that presented by the victim, [and] the respective testimonies presented an issue of credibility" (People v Amasifen, 41 Misc 3d 129[A], 2013 NY Slip Op 51727[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013] [conviction of sexual abuse in the third degree and harassment in the second degree affirmed despite conflicting testimony of prosecution and defense witnesses]). Upon a review of the record, we find that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Accordingly, the judgment of conviction is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 02, 2017