Charles Solomon, M.
Neither side in the instant prosecution, notwithstanding diligent research, has been able to find a single reported case in this State directly in point on the precise issue here involved. A cause which presents a new question for the first time, and for which, consequently, there is no precedent applicable in all respects, is said to be a case of first impression. (Bouvier’s Law Dictionary [Rawle’s 3d rev.], p. 1515; People v. Pinnock, 207 Misc. 1097.) This case seems to fall in the aforesaid category.
Defense counsel ask the court to note here that underwater activity, as currently practiced, is of “ comparatively recent origin ”, that the entire field" is growing by leaps and bounds ”, and that “ there is need for enacting regulations covering not only the particular instrument here involved but the entire field which has not been covered in any manner whatsoever ”,
Penal statutes should be clear and unambiguous so that he who runs may not only read but readily understand. The courts traditionally and consistently condemn strained construction (Sherwin v. People, 100 N. Y. 351 [1885]) and technical construction (People ex rel. Murray v. Becker, 78 Misc. 666 [1912] ; *846 People v. Shakum, 251 N. Y. 107 [1929]). The law is concerned with the promotion of justice (Penal Law, § 21) and justice requires that except when clearly otherwise indicated or intended the words in a statute should be given their ordinary meaning and receive a sensible construction in accord with the common understanding of men. (People v. Sacks, 2 Misc 2d 201, 204; Universal Pictures Corp. v. Superior Court of Los Angeles County, 9 Cal. App. 2d 490.)
Defendant was charged with a violation of section 436-5.0 of chapter 18 of the Administrative Code of the City of New York, in that he “ did unlawfully sell, offer to sell and have in his possession air rifles or similar instruments in which the propelling force is a spring or air.” The pertinent provision of the section of the code is subdivision b which reads as follows: “ Air pistols and air rifles; selling or possessing.
“1. It shall be unlawful for any person to sell, offer to sell, or have in his possession any air pistol or air rifle or similar instrument in which the propelling force is a spring or air, except that the sale of such instruments if accompanied by delivery to a point without the city, and possession for such purpose, shall not be unlawful if such person shall have secured an annual license from the police commissioner of the city authorizing such sale and possession.” The alleged violation of law arises out of a transaction involving a “ Mark VII ” spear gun. This instrument is a carbon dioxide powered weapon used for underwater fishing. Defendant is said to conduct one of the borough’s foremost centers for the sale of aqualung and other underwater sports equipment.
It is the contention of the defendant that the afore-mentioned provision of the Administrative Code was not intended to and does not cover the instant case for the reason that the propelling force in the ‘ ‘ M.ark VII ’ ’ spear gun is neither a spring nor air, but rather a gas — carbon dioxide. In order for the gun to operate at all there must be affixed to it a specially designed and constructed cylinder containing carbon dioxide. Defendant further contends the drafters of the section of the code were aware of the distinction between gas and air, for in subdivision e thereof it is made unlawful to manufacture, sell or offer for sale, possess or use or attempt to use certain gases without a permit. The police position seems to be the law covered, or could be interpreted to cover, the facts in this case. However, courts lack the power to do by decision what the Legislature has left undone. (People v. Shaw, 1 N Y 2d 30, 35.)
*847 The distinction between air and gas was first made by Antoine Laurent Lavoisier (1743-1794), often called the father of modern chemistry. Prior thereto, the word “ air ” covered all substances science would now define as gases. Although carbon dioxide is one constituent of air, it is only a very minor component percentagev/ise of the rather complex mixture of gases and vapors described as “ air ”. “Air: * * * about 0.03 per cent of carbon dioxide.” (Webster’s New International Dictionary [2d ed.].) Air and carbon dioxide can by no stretch of the imagination be described as identical substances. Human life, for example, could not survive in an atmosphere of pure carbon dioxide. If the sale of devices powered by the expansion of compressed gases is to be restricted, the necessary regulation is for the legislative and administrative branches of government. The problem promises to become more acute because of the increasing industrial applications of compressed gases.
In People v. Phyfe (136 N. Y. 554, 559 [1893]) the Court of Appeals says what is altogether pertinent here: “We are required here to apply that principle of construction, which is coeval with municipal law, that purely statutory offenses cannot be established by implication, and that acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive expression of the legislative intent to make them criminal. The citizen is entitled to an unequivocal warning before conduct on his part, which is not malum in se, can be made the occasion of a deprivation of his liberty or property. * * * We are not permitted to speculate as to the motive or design of the lawmakers or to search for a hidden meaning or an unexpressed purpose in the enactment.” (See, also, People v. Shifrin, 301 N. Y. 445; People v. Shakum, supra; People v. Benc, 288 N. Y. 318; Todd v. United States, 158 U. S. 278.)
The guilt of the defendant has not been established beyond a reasonable doubt. He is, therefore, acquitted.