Leonard J. Supple, J.
In this negligence cause of action plaintiffs move for summary judgment.
On August 5, 1965, the infant defendant discharged a pellet from an air rifle which pellet struck the infant plaintiff in the eye. The defendant Robert' Wheaton, the infant defendant’s father, had given the air rifle to the infant defendant some months before the incident.
At his examination before trial, the infant plaintiff testified that the infant defendant suddenly and deliberately shot him and that he could not explain the said defendant’s unusual conduct. At the time of the incident, the infant plaintiff had an air pistol. He testified that he could not remember whether or not he had fired his air pistol at anybody else that day, although he later admitted that he might have done so.
At his examination before trial, the infant defendant testified that the shot which struck the infant plaintiff was the last *258 shot fired in an incident which can only be characterized as a battle. Said defendant testified that the infant plaintiff and several other boys fired air guns at him, that he returned the fire, that he was struck several times by pellets fired at him by his adversaries, and that a similar incident had occurred the day before. He said the infant plaintiff had instigated the attack.
At the time of the above incident, and possibly at the time that each of the infant parties came into possession of their respective air guns, the gift of such a weapon to an infant under the age of 16 years was a misdemeanor and the possession of such a weapon by such an infant was juvenile delinquency. (See former Penal Law, §§ 1897, subd. 4, 1898, subd. 5; L. 1963, ch. 136 and Notes.) Since both infant parties were under 16 years at the time, each was guilty of juvenile delinquency under the cited statutes and the defendant Robert Wheaton was guilty of a misdemeanor. If the infant plaintiff acquired the air pistol from one of his parents, such parent may also be guilty of a misdemeanor. Upon the present motion, the plaintiffs’ theory is that since the defendants violated the statute, defendants are absolutely liable to the plaintiffs and there is no issue of fact to be tried.
The court first observes that, if the plaintiffs are right, plaintiffs are also absolutely liable to the defendants upon any claim that defendants may make against plaintiffs for any injuries which the infant defendant sustained as a result of the incident. If this be the law, the net effect will be that insurance companies will be subsidizing unlawful conduct. While this would not be a novel resplt (see Mills v. Gabriel, 259 App. Div. 60, affd. 284 N. Y. 755), the court does not favor its extension.
A further reason for refusing to impose absolute liability here is that such rule is applied only where the statute was enacted for the protection of a particular class of person as distinguished from the general public. (Van Gaasbeck v. Webatuck Cent. School, 21 N Y 2d 239; Stern v. Great Is. Corp., 250 App. Div. 115.) Here the statutes in question were not enacted exclusively for the benefit of a particular class of infants as in Karpeles v. Heine (227 N. Y. 74) but for the benefit of the general public. (See Rosenberg v. Schwartz, 260 N. Y. 162.) Any violation of the aforesaid Penal Law provisions is only evidence of negligence and the question of contributory negligence must be determined before final disposition may be had. (Van Gaasbeck v. Webatuck Cent. School, supra, p. 243.) *259 In this view of the ease, it is clear there are unresolved issues of fact which require a jury trial and the motion will be denied.