## COMMONWEALTH vs. TIMOTHY G. FENTON.

Essex. April 1, 1985. — June 5, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Firearms.*

An adult who was arrested while carrying a carbon dioxide powered revolver was unlawfully convicted of carrying a firearm under G. L. c. 269, § 10 (*a*), inasmuch as c. 269, § 12B, the exclusive provision regulating the possession of "any type of air gun," by either an adult or a minor, imposed no penalties for possession of an air gun by an adult. [94-95]

INDICTMENT found and returned in the Superior Court Department on February 9, 1981.

A motion for postconviction relief was heard by *Andrew R. Linscott*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Steven J. Rappaport* for the defendant.

*Lila Heideman,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. We granted the Commonwealth's application for further appellate review to consider whether G. L. c. 269, § 12B (1984 ed.),[1] is the exclusive statutory regulatory scheme

---

[1] General Laws c. 269, § 12B (1984 ed.), reads as follows: "No minor under the age of eighteen shall have an air rifle or so-called BB gun in his possession while in any place to which the public has a right of access unless he is accompanied by an adult or unless he is the holder of a sporting or hunting license and has on his person a permit from the chief of police of the town in which he resides granting him the right of such possession. No person shall discharge a BB shot, pellet or other object from an air rifle or so-called BB gun into, from or across any street, alley, public way or railroad or railway right of way, and no minor under the age of eighteen shall discharge a BB shot, pellet or other object from an air rifle or BB gun unless he is accompanied by an adult or is the holder of a sporting or hunting license. Whoever violates this section shall be punished by a fine

for all types of air guns. See *Commonwealth* v. *Fenton*, 18 Mass. App. Ct. 537 (1984). We agree with the Appeals Court that G. L. c. 269, § 12B, is the exclusive remedy and that air guns are statutorily excluded from the penalty imposed by G. L. c. 269, § 10 (*a*) (1984 ed.). See *Commonwealth* v. *Rhodes*, 389 Mass. 641, 644 (1983). Any change expanding the reach of G. L. c. 269, § 10 (*a*), to encompass air guns must be made by the Legislature.

We summarize the facts. The defendant, Timothy G. Fenton, was convicted in 1981 in a jury-waived trial of unlawfully carrying a firearm, G. L. c. 269, § 10 (*a*), and was sentenced to serve from three to five years at the Massachusetts Correctional Institution at Cedar Junction. In 1983, the defendant filed a motion for release from unlawful restraint pursuant to Mass. R. Crim. P. 30 (a), 378 Mass. 900 (1979). In the affidavit accompanying his motion, he claimed that our decision in *Commonwealth* v. *Rhodes*, 389 Mass. 641, 644 (1983), mandated that, as an adult,[2] his conviction for carrying a carbon dioxide ($CO_2$) powered revolver was a legal impossibility because an air gun is exempted from the operation and penalties of G. L. c. 269, § 10 (*a*) (4).[3] A Superior Court judge denied the defendant's motion. The defendant appealed and the Appeals Court reversed the conviction holding that *"Rhodes*

---

of not more than one hundred dollars, and the air rifle or BB gun or other weapon shall be confiscated. Upon a conviction of a violation of this section the air rifle or BB gun or other weapon shall, by the written authority of the court, be forwarded to the commissioner of public safety, who may dispose of said article in the same manner as prescribed in section ten."

[2] The Commonwealth concedes that the defendant was an adult at the time of his trial.

[3] General Laws c. 269, § 10 (*a*), provides in pertinent part: "Whoever, except as provided by law, carries on his person, or carries on his person or under his control in a vehicle, a firearm, loaded or unloaded, as defined in section one hundred and twenty-one of chapter one hundred and forty without either: . . . (4) having complied as to possession of an air rifle or BB gun with the requirements imposed by section twelve B of chapter two hundred and sixty-nine . . . shall be punished by imprisonment in the state prison for not less than two and one-half nor more than five years, or for not less than one year nor more than two and one-half years in a jail or house of correction."

excludes all types of air guns from the operation of G. L. c. 269, § 10 (*a*), and . . . the gun in question comes within a common lexical definition of the term 'air gun' or 'air rifle.' " *Commonwealth* v. *Fenton*, 18 Mass. App. Ct. 537, 538 (1984).

On this appeal, the Commonwealth argues that the $CO_2$ powered gun is properly classified as a firearm, as we defined it in *Commonwealth* v. *Sampson*, 383 Mass. 750 (1981), because the revolver is a weapon, capable of discharging a shot or bullet, under the maximum length and designed to injure or to incapacitate. *Id.* at 756-757, 759.[4] We need not decide that issue because to sustain a conviction under G. L. c. 269, § 10 (*a*), a violation of which requires a mandatory term of imprisonment, "none of the four exceptions enumerated in that section can apply." *Commonwealth* v. *Rhodes, supra* at 645. The exception relevant to this case, (4), exempts a person from conviction if he or she has "complied as to possession of an air rifle or BB gun with the requirements imposed by [§ 12B of G. L. c. 269]." *Id.*

The Commonwealth asserts that the $CO_2$ powered gun is not an "air rifle" or "BB gun" and is therefore not exclusively regulated by § 12B.[5] We disagree. In *Commonwealth* v. *Rhodes*, we did not limit our holding to those two specific weapons, but rather exempted the possession of "any type of air gun" from the penalties of G. L. c. 269, § 10 (*a*). "[W]hen

---

[4] The motion judge found that the gun is a Crossman 38T, .22 caliber Pellgun, has a barrel length of less than sixteen inches, can fire a .22 caliber lead flat-nose pellet or a .22 caliber pointed-nose pellet, and has a range of 300 yards.

[5] The Appeals Court noted that the Commonwealth's ballistics expert said that he referred to books on air guns while researching this case. That fact, although not dispositive, certainly weakens the Commonwealth's argument that the revolver here involved is not an air gun. *Commonwealth* v. *Fenton, supra* at 540 n.8. Furthermore, the Appeals Court observed that the revolver is within the common lexical definitions of air gun. "Webster's Third New Int'l Dictionary 47 (1971) defines air rifle as 'a rifle from which a projectile is propelled by air or carbon dioxide compressed usually by a lever and pump system.' The Firearms Encyclopedia states that an air gun is '[a] form of gun using compressed air or compressed gas to launch a projectile through a conventional smooth or rifled barrel.' Nonte, Firearms Encyclopedia 5 (1973)." *Id.* at 540.

the issue is whether the item in question may be deemed a 'weapon' subject to regulation, a question of law is presented." *Commonwealth* v. *Sampson, supra* at 761. We do not distinguish here between an air gun, as the type of $CO_2$ revolver used here is commonly called, and an air rifle or BB gun. *Id.* It is not within our province to distinguish, as the Commonwealth would have us do, between guns powered by a present $CO_2$ canister and a BB pistol functioning by air pressure generated by a manual cocking. That is a distinction for the Legislature to make. "In this context, if the Legislature intended to require a license for possession by an adult of any type of air gun it should have done so more precisely. A criminal statute must be sufficiently explicit to give clear warning as to proscribed activities. *Commonwealth* v. *Orlando*, 371 Mass. 732, 734 (1977), with any ambiguities to be construed strictly against the Commonwealth." *Commonwealth* v. *Rhodes, supra* at 646-647.

Possession of "any type of air gun," by either an adult or a minor is regulated exclusively by G. L. c. 269, § 12B. We therefore conclude that, because § 12B imposes no penalties for possession of an air gun by an adult, the defendant's conviction under G. L. c. 269, § 10 (*a*), is erroneous. The order denying the defendant's motion for release pursuant to Mass. R. Crim. P. 30 (a), is reversed. The judgment of the Superior Court is reversed and the finding of guilt is set aside. Judgment is to enter for the defendant.

*So ordered.*