■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE VILLANI, Appellant.—Appeal by the defendant from a

judgment of the County Court, Westchester County (Lange, J.), rendered January 30, 1986, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested and charged with possession of a firearm when, following a stop of the vehicle in which he was a passenger, the police officers recovered a .12-gauge sawed-off shotgun which was protruding from underneath the defendant's seat. On appeal the defendant contends that the People failed to prove beyond a reasonable doubt that he possessed a "firearm" within the meaning of Penal Law § 265.00 (3) because they failed to show that the over-all length was less than 26 inches as well as that the barrel length was less than 18 inches. We conclude that the 17⅞-inch barrel length of the gun qualified it as a "firearm" within the meaning of the statute notwithstanding the fact that its over-all length of approximately 29 inches exceeded the statutory limit. A reading of the statute, as well as a review of its legislative history, compels the conclusion that it must be read in the disjunctive rather than the conjuntive as defendant would have it (see, People v Tucker, 102 AD2d 535; People v Santiago, 133 Misc 2d 161). Accordingly, because the barrel length limitation of the statute may be applied independently of the over-all length limitation, we find that the People sustained their burden of proof.

We have examined defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.