(February 21, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARMELLO CRIVILLARO, Respondent.—Order of the Supreme Court, Bronx County (Richard Lee Price, J.), entered August 15, 1989, which dismissed the indictment charging defendant with criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), reversed, on the law, and the indictment reinstated.

The indictment returned against defendant states, in material part: "The defendant, on or about December 11, 1987, in the County of the Bronx, did knowingly possess a loaded firearm, that being loaded *(sic)* sawed off shotgun, such possession not being in the defendant's home or place of business." It is uncontested that the weapon taken from defendant was manufactured as a shotgun. However, because the stock had been cut down, Supreme Court found that the weapon, as seized, was "not intended to be fired from the shoulder." Therefore, the court determined that it does not fit the statutory description of a shotgun set forth in Penal Law § 265.00 (12) which begins, " 'Shotgun' means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder".

Supreme Court further reasoned that, even though the barrel length had been shortened to 16¼ inches, the weapon does not constitute a "firearm" within the contemplation of Penal Law § 265.00 (3) (b) or (d). Because the weapon is not, in the court's estimation, a shotgun, it does not fit the description "a shotgun having one or more barrels less than eighteen inches in length" (Penal Law § 265.00 [3] [b]). And because it is conceded that the weapon recovered is 29 inches long, it does not fit the description "any weapon made from a shotgun *or rifle whether by alteration, modification, or otherwise if*

such weapon as altered, modified, or otherwise has an overall length of less than twenty-six inches" (Penal Law § 265.00 [3] [d]).

We reverse. With respect to weapons which discharge a projectile by means of an explosive charge, the concept which distinguishes weapons which are legal from those which are illegal pursuant to article 265 of the Penal Law is concealability *(People v Ahern,* 65 NY2d 802; *People v Palermo,* 36 AD2d 565). It is not a crime, without more, to possess a rifle or shotgun in this State. It is, however, illegal to possess a firearm (Penal Law § 265.01 [1]). It is, of course, a simple matter for anyone with a modicum of mechanical ability and access to a saw to render a rifle or shotgun concealable by reducing the length of the barrel *(People v Villani,* 141 AD2d 883, *lv denied* 72 NY2d 926) or the stock or both, and this circumstance is governed by Penal Law § 265.00 (3) (b) and (d).

The conclusion reached by Supreme Court amounts to no more than the observation that the categories of "firearm" and "shotgun" (or "rifle") are mutually exclusive. It is axiomatic, therefore, that any weapon which meets the definition of firearm set forth in Penal Law § 265.00 (3) will not meet the definition of shotgun set forth in section 265.00 (12). The item seized from defendant is known in common parlance as a sawed-off shotgun, the legality of which is now resolved by means of simple measurement rather than resort to the vague concept of concealability upon the person *(People v Williams,* 90 AD2d 193).

It is undisputed that the weapon in question was made from a shotgun which was originally designed to be fired from the shoulder and which was modified to reduce the barrel length to 16¼ inches. When due consideration is given to the mischief to be remedied and the general purpose and spirit of article 265 of the Penal Law (McKinney's Cons Laws of NY, Book 1, Statutes §§ 95, 96; Penal Law § 5.00), there is no question that the weapon taken from defendant's possession constitutes an illegal firearm (Penal Law § 265.00 [3] [b]; § 265.02 [4]) and not a legal shotgun. Concur—Murphy, P. J., Milonas and Rubin, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Price, J. *[See,* 142 Misc 2d 527.]