■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERON DELISSER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered March 5, 1990, convicting him of attempted burglary in the second degree and possession of an air gun, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of possession of an air gun, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant claims for the first time on appeal that the evidence adduced at the trial was legally insufficient to establish the intent and conduct elements of attempted burglary in the second degree. However, this issue is unpreserved for appellate review, because it was not advanced with specificity before the trial court in support of the defendant's motion to dismiss (see, People v Johnson, 169 AD2d 779, 782; People v Green, 167 AD2d 416, 417). In any event, viewing the evidence adduced at the trial in the light most favorable to the prosecu-

tion *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of attempted burglary in the second degree beyond a reasonable doubt *(see,* Penal Law § 140.25 [2]; § 110.00; *People v Lipson,* 165 AD2d 836; *People v Kitlitz,* 141 AD2d 565). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and will not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86).

However, the defendant's conviction of possession of an air gun, a violation of Administrative Code of the City of New York § 10-131 (b) (1), must be reversed. It is undisputed that the defendant was in possession of a gun powered by a carbon dioxide cartridge. This type of weapon is not included in the definition of air gun in the Administrative Code. Therefore, the evidence of the defendant's guilt is legally insufficient *(see, People v Pestronk,* 3 Misc 2d 845, 847).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Kunzeman, J. P., Sullivan, Balletta and Copertino, JJ., concur.