OPINION OF THE COURT
Peter R. Sprague, J.
ISSUE
In this personal injury civil action stemming from a recre *696 ational "wargames” accident, the court is asked to determine whether a "splatball” pistol, which propels by carbon dioxide cartridge a pellet filled with paint, constitutes one of the "instruments or weapons” which Penal Law § 265.05 proscribes for possession by persons under the age of 16.
FACTS
On October 25, 1987 plaintiff Jeremy Adamowicz sustained injuries to his right eye while participating in a game of splatball. His eye was struck by a paint pellet. The "shooter” was a young man less than 16 years of age. Pursuant to PJI 2:25, the plaintiffs ask the court to charge the jury, in the final instructions, that it must find negligence on the part of the shooter if it finds he violated Penal Law § 265.05. Before charging that section of the Penal Law the court must determine whether the splatball pistol in this case, which was manufactured by Crossman Products, Inc., constitutes an "instrument or weapon” within the purview of the "unlawful possession” provisions of the statute. The propelling device in the pistol in question was a "C02” cartridge.
ANALYSIS
The court begins by recognizing that "[t]he general rule that a penal statute is to be strictly construed does not apply to [the Penal Law]” (Penal Law § 5.00; cf., McKinney’s Cons Laws of NY, Book 1, Statutes § 271).
The court construes Penal Law § 265.05 to include the type of "splatball” gun used in this case in that it was an "instrument or weapon in which the propelling force [was] * * * air”.
The court is well aware that air and "C02” do not have the same chemical composition, however, as used in the statute the concept is that of a compressed gas which generates the propelling force. The "C02” propellant of the "splatball” gun must be deemed to be included in the statutory definition of air.
Therefore the court will charge Penal Law § 265.05 in this negligence case.