[656 NYS2d 684]

In the Matter of CESAR P., a Person Alleged to be a Juvenile Delinquent, Respondent.

Second Department, April 28, 1997

**APPEARANCES OF COUNSEL**

*Paul A. Crotty, Corporation Counsel* of New York City *(Stephen J. McGrath* and *Alan Beckoff* of counsel), for appellant.

*Jane M. Spinak,* New York City *(Jonathan M. Kratter* of counsel), for respondent.

**OPINION OF THE COURT**

MILLER, J. P.

The instant appeal provides us with an opportunity to reconsider whether a BB gun, powered by a carbon dioxide cartridge, qualifies as an "air-gun" within the proscriptions of Penal Law § 265.05 and Administrative Code of the City of New York § 10-131 (b) (1). Notwithstanding our contrary determination in *People v Delisser* (177 AD2d 702), we now hold that it does.

The facts of the underlying matter are not in serious dispute. The respondent, Cesar P., a person under the age of 16, was observed by a police officer to be in possession of a gun that turned out to be a so-called "Daisy Air Pistol". This type of weapon fires metal BBs propelled by a cartridge containing compressed carbon dioxide ($CO_2$).

A juvenile delinquency petition was filed which alleged that the respondent had committed two relevant acts. Count one alleged that the respondent, being under the age of 16, possessed an air-gun in violation of Penal Law § 265.05. Count two alleged that the respondent committed an act which, if committed by an adult, would constitute a violation of Administrative Code § 10-131 (b) (1). This provision proscribes, among other things, possession of air pistols.

The respondent moved to dismiss these counts (a third count alleging possession of ammunition had previously been dismissed), arguing that these provisions prohibited possession of air-guns, but that a gun powered by a carbon dioxide cartridge was not covered thereby. On the authority of *People v Delisser* (177 AD2d 702, *supra),* the Family Court granted the motion and dismissed the petition. We now reverse the order and reinstate the first and second counts of the petition.

Penal Law § 265.05 proscribes the possession of certain weapons by persons under the age of 16. Insofar as pertinent to this appeal, it provides that: "It shall be unlawful for any person under the age of sixteen to possess any air-gun, spring-gun or other instrument or weapon in which the propelling force is a spring or air, or any gun or any instrument or weapon in or upon which any loaded or blank cartridges may be used". The Penal Law does not define the term air-gun. In a related vein, Administrative Code § 10-131 (b) (1) provides that: "It

shall be unlawful for any person to * * * have in such person's possession any air pistol or air rifle or similar instrument in which the propelling force is a spring or air". As noted, the Daisy Air Pistol possessed by the respondent shoots BBs propelled by compressed carbon dioxide which is contained in a cannister inserted into the grip of the weapon.

The Family Court was constrained to dismiss the petition on the authority of *People v Delisser (supra)*. In that case, this Court reversed a judgment convicting a defendant of violating Administrative Code § 10-131 (b) (1), holding that a gun powered by a carbon dioxide cartridge is not included in the definition of air-gun. We hereby overrule *People v Delisser (supra)* insofar as it holds that a carbon dioxide pistol is not an air-gun.

*People v Delisser (supra)* reached its erroneous conclusion in reliance upon *People v Pestronk* (3 Misc 2d 845), a 1956 decision of the City Magistrates' Court, Borough of Manhattan, Lower Manhattan Court. In that case, the proprietor of a store selling scuba diving supplies sold a scuba diver's spear gun, powered by a carbon dioxide cartridge, and was charged with violating a predecessor provision of the Administrative Code proscribing the sale of air pistols or air rifles " 'in which the propelling force is a spring or air' " *(People v Pestronk, supra,* at 846). Recognizing that the Administrative Code provision was not intended to cover spear guns used by divers to spear passing fish, the court determined that air and carbon dioxide were not synonymous and that the rule could have been written to prohibit carbon dioxide powered weapons as well. Since the provision, construed strictly, prohibited the sale of only air-guns, the court held that the evidence against the defendant was legally insufficient.

The holding of *People v Pestronk* was eminently reasonable under the facts of that case. However, the facts of both *People v Delisser* and of the instant case are clearly distinguishable, both in terms of the type of weapon involved and the potential that each might be put to a legitimate use. A spear gun sold by a merchant to a scuba diver is very different from a carbon dioxide pistol carried by a burglar or placed in the hands of a teenager in an urban setting. *Pestronk* clearly did not compel a reversal of the order in *Delisser* and the error made therein should not be perpetuated. Rather, we are persuaded by the reasoning of *Adamowicz v Shafer* (155 Misc 2d 695), where the Supreme Court, Allegany County, recognized that whether powered by air or carbon dioxide, the aim of Penal Law

§ 265.05 was to prohibit weapons utilizing gaseous propellants and that there was no logical reason to treat such weapons differently.

Clearly there is great merit in the presentment agency's argument that there is no meaningful distinction between an air-gun and a weapon powered by carbon dioxide. Both utilize a compressed gas to propel a projectile that can maim and injure. In fact, carbon dioxide pistols can propel pellets or BBs at even greater velocities than air pistols. Both are potentially dangerous in the hands of children under the age of 16. Both are subject to legislative prohibition. There is no logical reason to treat these two similar kinds of weapons differently.

Several cases from other jurisdictions support this reasoning. The Supreme Courts of Iowa and Minnesota have held that both carbon dioxide pistols and air pistols constitute dangerous weapons despite statutory omission *(see, State v Dallen,* 452 NW2d 398 [Iowa]; *State v Seifert,* 256 NW2d 87 [Minn]).* The Supreme Judicial Court of Massachusetts held that a carbon dioxide pistol is an air-gun under a statute exempting air-guns from criminal liability *(Commonwealth v Fenton,* 395 Mass 92, 478 NE2d 949). New Jersey's statutory definition of a "firearm" expressly includes guns utilizing compressed air *or* carbon dioxide *(see,* NJ Stat Annot 2 § C:39-1 [f]; *State v Orlando,* 269 NJ Super 116, 634 A2d 1039). Despite the omissions in both the Penal Law and the New York City Administrative Code, there appears to be no legitimate reason not to hold the respondent's carbon dioxide pistol to be a variety of air pistol proscribed by both enactments.

Penal Law § 5.00 provides that the Penal Law is to be "construed according to the fair import of [its] terms to promote justice and effect the objects of the law". Clearly, the obvious intent behind both Penal Law § 265.05 and Administrative Code § 10-131 (b) (1) is to keep dangerous weapons out of the hands of children. Governor Wilson's approval memorandum upon the enactment of chapter 1041 of the Laws of 1974, which included Penal Law § 265.05, noted that this statute was part of his legislative program to discourage the possession and use of handguns (1974 McKinney's Session Laws of NY, at 2132). There is simply no justification to construe the term "air-gun" so as to exclude a carbon dioxide pistol. A court should not be constrained by hypertechnical interpretations of a criminal statute and may punish, as criminal, conduct which falls within the plain, natural language of a Penal Law provision *(People v Ditta,* 52 NY2d 657, 660). As the Appellate Division, First

Department, recognized in an analagous context, "[w]hen due consideration is given to the mischief to be remedied and the general purpose and spirit of article 265 of the Penal Law * * * there is no question that the weapon taken from the defendant's possession constitute[d] an illegal [air-gun]" *(People v Crivillaro,* 170 AD2d 312). Accordingly, we hereby adopt that sound logic, and hold that possession of an air-gun, powered by a carbon dioxide propellant, is prohibited by both Penal Law § 265.05 and Administrative Code § 10-131 (b) (1). In light of the foregoing, the order appealed from is reversed, on the law, without costs or disbursements, the motion is denied, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings on the petition.

THOMPSON, JOY and LUCIANO, JJ., concur.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is denied, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings on the petition.