■ MARK W. MERLE, an Infant, by His Father, MARK S. MERLE, et al., Appellants, v CONSTANCE L. BADERMAN, Individually and as Parent and Natural Guardian of ROBERT M. RESKO, et al., Defendants, and ROBERT DAMON et al., Individually and as Parents and Natural Guardians of DENNIS B. DAMON and Another, Respondents. [758 NYS2d 737] —Appeal from an order of Supreme Court, Jefferson County (Gilbert, J.), entered March 5, 2002, which, inter alia, granted the motion of defendants-respondents for summary judgment and dismissed the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action against, inter alia, Robert and Cathy Damon (Damons) and their son, Dennis Bobby Damon (Dennis) (collectively, defendants), seeking damages for injuries allegedly sustained by Mark S. Merle (plaintiff) when he was shot in the eye by a paintball from a gun fired by defendant Robert Michael Resko. With respect to defendants, the complaint asserts causes of action against the Damons for negligent entrustment of a dangerous instrument and against Dennis for his independent acts of negligence.

Supreme Court properly granted that part of defendants' motion seeking summary judgment dismissing the negligent entrustment cause of action against the Damons. It is well established that a parent owes a duty to protect third parties from harm that is clearly foreseeable "from an infant child's improvident use of a dangerous instrument, at least, if not especially, when the parent is aware of and capable of controlling its use" (*Nolechek v Gesuale*, 46 NY2d 332, 338 [1978]). Here, however, neither the instrument that caused the injury nor the child who allegedly used it improvidently was under the Damons' care or control. Defendants submitted evidence establishing that the Damons did not own the paintball gun that caused plaintiff's injuries and that Resko, a minor unrelated to the Damons, shot the paintball that caused the injuries. Moreover, the evidence submitted by defendants establishes that Resko was not on the Damons' property when he shot the paintball at plaintiff. Defendants thus established as a matter of law that the Damons owed no duty to plaintiff under the circumstances presented herein (*cf. Rios v Smith*, 95 NY2d 647, 652-653 [2001]), and plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

We further conclude that the court properly granted that part of defendants' motion seeking summary judgment dismiss-

ing the negligence cause of action against Dennis. Defendants submitted uncontroverted evidence that Dennis did not shoot the paintball that ultimately caused plaintiff's injuries (*cf. Neumann v Shlansky*, 63 Misc 2d 587 [1970], *affd* 36 AD2d 540 [1971]). The mere fact that Dennis took paintball guns out of an unlocked cupboard without his parents' permission and showed plaintiff how to use them does not, under the circumstances of this case, render Dennis liable for injuries to plaintiff caused by a third party. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Lawton and Hayes, JJ.