Danielle A. v Christopher P. (2004 NY Slip Op 24051)

Danielle A. v Christopher P.

2004 NY Slip Op 24051 [3 Misc 3d 357]

February 13, 2004

Supreme Court, Richmond County,

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 2, 2004

[*1]
Danielle A., an Infant, by Her Father and Natural Guardian, Darryl A., et al., Plaintiffs,
v
Christopher P. et al., Defendants.[FN*]

Supreme Court, Richmond County, February 13, 2004

APPEARANCES OF COUNSEL

Bosco, Bisignano & Mascolo for plaintiffs. Michael F.X. Manning for defendants.

{**3 Misc 3d at 357} OPINION OF THE COURT

Joseph J. Maltese, J. 
{**3 Misc 3d at 358}In a case of first impression, this court holds that a paintball gun which uses a carbon dioxide cartridge is an "air-gun" as defined in Penal Law § 265.05 and under Administrative Code of the City of New York § 10-131 (b) (1). This court finds that the possession and use of a paintball gun by a 13-year-old boy with the knowledge and consent of his parents makes them liable for the injuries inflicted by the use of the paintball gun.
The following facts were established by the plaintiff.

Facts

On June 5, 2003, the defendant, Christopher P., a 13-year-old boy using a paintball gun, shot at the plaintiff, Danielle A., three times from the roof of his garage at 33 Ridgecrest Avenue, Staten Island, New York, while she was in his driveway. On the defendant's third shot, a paintball struck the plaintiff [*2]in her left eye causing injury. Christopher stated at his deposition that he was "just messing around . . . [because he] was bored." Christopher's parents, the defendants Anthony and Christine P., knew that their son had a paintball gun and permitted its use. He had received the Tipman Model 98 semiautomatic paintball gun at least a month before the incident from a neighborhood boy named Bobby in consideration for fixing Bobby's scooter. Christopher testified that he showed the gun to his parents and stated that he shot the gun in his backyard almost every day. Occasionally his parents watched him shoot the gun. Christopher testified that his mother brought him to Bozo's, a store on Hylan Boulevard, Staten Island, where he purchased carbon dioxide cartridges and 500 paintballs. The only "rule" he claimed that his parents told him was to "not shoot when anybody is around." On the date of the incident, Christopher only had about 6 to 12 paintballs left of the 500 he had purchased. His mother testified that she knew he had the gun and that she never gave him any instructions on its use. She also testified that she took him to the store knowing he was buying carbon dioxide cartridges and paintballs. His father testified that he knew that his son had the gun, but that he told him "not to shoot when anybody is around."

Discussion

Under Penal Law § 265.05 it is "unlawful for any person under the age of sixteen to possess any air-gun, spring-gun or other instrument or weapon in which the propelling force is a spring or air, or any gun or any instrument or weapon in or upon {**3 Misc 3d at 359}which any loaded or blank cartridges may be used, or any loaded or blank cartridges or ammunition therefor." Moreover, the possession of any air pistol or air rifle is unlawful under Administrative Code § 10-131 (b). There is an exception if used within a licensed amusement facility.
It is also clear that a gun powered by carbon dioxide cartridges is an "air gun" prohibited by law. The Appellate Division, Second Department, stated in Matter of Cesar P. (230 AD2d 61, 64-65 [2d Dept 1997]):
"There is simply no justification to construe the term 'air-gun' so as to exclude a carbon dioxide pistol. A court should not be constrained by hypertechnical interpretations of a criminal statute and may punish, as criminal, conduct which falls within the plain, natural language of a Penal Law provision (People v Ditta, 52 NY2d 657, 660). As the Appellate Division, First Department, recognized in an analogous context, '[w]hen due consideration is given to the mischief to be remedied and the general purpose and spirit of article 265 of the Penal Law . . . there is no question that the weapon taken from the defendant's possession constitute[d] an illegal [air-gun]' (People v Crivillaro, 170 AD2d 312). Accordingly, we hereby adopt that sound logic, and hold that possession of an air-gun, powered by a carbon dioxide propellant, is prohibited by both Penal Law § 265.05 and Administrative Code § 10-131 (b) (1)." (Emphasis added.)
In the only reported case dealing with a paintball gun, Merle v Baderman (305 AD2d 1059, 1059 [4th Dept 2003]), the Appellate Division, Fourth Department, found that the "[d]efendants submitted evidence establishing that the [parents] did not own the paintball gun that caused plaintiff's injuries and [*3]that [another child], a minor unrelated to the [parents], shot the paintball that caused the injuries." Accordingly, the Fourth Department held (at 1059) that the parents were not negligent because "neither the instrument that caused the injury nor the child who allegedly used it improvidently was under the [parents'] care or control." Here, the parents not only were responsible for their child who caused the accident, but brought him to the store so he could purchase 500 paintballs and on occasion saw him shooting the gun.
The Second Department of the Appellate Division also made it clear that a "parent may be liable in negligence to a plaintiff injured {**3 Misc 3d at 360}by his or her infant offspring with a dangerous instrumentality, such as an air rifle . . . entrusted to the child by the parent" (Masone v Gianotti, 54 AD2d 269, 274 [2d Dept 1976]). The only "defense" offered by the parents' attorney, in his affirmation with no supporting evidence whatsoever, is that the accident was "unforeseeable." Such a contention is not tenable in that if one fires a gun several times at an individual, it is clearly foreseeable that one of those shots will hit that person. The New York Court of Appeals has long established that a parent owes a duty to protect third parties from harm that is clearly foreseeable from an infant child's improvident use of a dangerous instrument, at least, if not especially, when the parent is aware of and capable of controlling its use (Nolechek v Gesuale, 46 NY2d 332, 338-339 [1978]; see also Rios v Smith, 95 NY2d 647 [2001]).
In this case, Christopher P. engaged in an illegal activity by possessing an air gun which fired paintballs while being under the age of 16 (Penal Law § 265.05; Administrative Code § 10-131 [b] [1]). This was done with his parents' consent and approval. They knew he was using the gun regularly and not only allowed it, but assisted the illegal activity by bringing him to the store to purchase his ammunition. Here, the parents are liable as a matter of law under the doctrine of negligent entrustment (see, Masone, supra).
Once the moving party has made a showing of sufficient evidence, the burden shifts to the party opposing summary judgment to put forth evidence in admissible form to establish a triable issue of fact (Zuckerman v City of New York, 49 NY2d 557 [1980]). The defendant submitted no evidence whatsoever to contradict the facts as set forth in the plaintiffs' motion and only submitted an affirmation from the attorney alleging an inadequate defense.
Accordingly, it is hereby ordered that the motion for summary judgment against all of the defendants is granted and the Clerk of the Court is directed to enter judgment in favor of plaintiffs and against all the defendants on the issue of liability only. Accordingly, this case will now proceed to trial on the issue of injury to the plaintiffs.

Footnotes

Footnote *: The names have been changed due to the age of the parties involved.