■ ZACHARY DISILVESTRO et al., Appellants-Respondents, v DANIEL SAMLER et al., Respondents-Appellants. [821 NYS2d 632]—

In an action, inter alia, to recover damages for personal

injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated September 23, 2004, as, in effect, denied their motion for summary judgment dismissing the complaint insofar as asserted against the defendants Nelson J. Samler III and Mary Samler individually, and the plaintiffs appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment on the issue of liability.

Ordered that the appeal by the defendant Daniel Samler, an infant by his parents and natural guardians, is dismissed, as he is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On April 14, 2002 the then 13-year-old infant plaintiff went to the home of the defendants Nelson J. Samler III and Mary J. Samler (hereinafter the Samlers) to play paint ball with the Samler children, including, among others, the then almost 11-year-old infant defendant Daniel Samler. The infant plaintiff brought with him his own paint ball gun, as well as his own protective equipment which he wore that day. The children played for about four hours.

After the game, both the infant plaintiff and Daniel took off their protective gear. At that time, both Daniel and the infant plaintiff believed that Daniel's paint ball gun had no more paint balls, or paint pellets, in it. However, the carbon dioxide propellant cannister powering the gun was not empty. They then went outside to "waste" the remaining carbon dioxide, taking turns using Daniel's gun to discharge the carbon dioxide remaining in its cannister. During the course of "wasting" the remaining carbon dioxide, Daniel pointed his gun at the infant plaintiff.

Unbeknownst to either the infant plaintiff or Daniel, a paint ball had become stuck in the gun and was not visible by merely looking at the paint ball gun and its hopper. When Daniel subsequently aimed and fired the paint ball gun at the infant plaintiff, the paint ball became dislodged, and was expelled from the gun, striking the infant plaintiff in the eye. The plaintiffs sued alleging, inter alia, that the Samlers negligently entrusted a dangerous weapon, the paintball gun, to Daniel. The Supreme Court denied the defendants' motion for summary judgment as well as the plaintiffs' cross motion for summary judgment on the issue of liability. We affirm.

Contrary to the defendants' contention, a paint ball gun is an air gun as defined by Penal Law § 265.05 (see Matter of Cesar P.,

230 AD2d 61 [1997]; *Lichtenthal v Gawoski,* 44 AD2d 771 [1974]; *Danielle A. v Christopher P.,* 3 Misc 3d 357, 358 [2004]; *Adamowicz v Shafer,* 155 Misc 2d 695 [1992]) and thus under Penal Law § 265.10 (5), the Samlers were prohibited from disposing of it to Daniel. However, even assuming that the Samlers improperly disposed of a paint ball gun to Daniel in violation of the statute, summary judgment imposing liability is not warranted here.

While the violation of a statute constitutes negligence per se, that does not necessarily give rise to a determination that there is absolute or strict liability for damages proximately caused by the violation of the statute or statutes (*see Elliott v City of New York,* 95 NY2d 730, 734 [2001]; *Van Gaasbeck v Webatuck Cent. School Dist. No. 1,* 21 NY2d 239, 243 [1967]). For instance, in *Connelly v Wheaton* (59 Misc 2d 257, 258-259 [1969], *affd* 35 AD2d 689 [1970]), the infant plaintiff, along with the infant defendant and several other boys, was involved in what the court there characterized as a "battle." The infant plaintiff in *Connelly* was struck in the eye by a pellet fired from an air rifle. He subsequently brought a motion for summary judgment on the issue of liability.

In *Connelly,* after noting that at the time of the incident the gift of such a weapon to a person under the age of 16 was a misdemeanor, and that the possession of such a weapon by such an infant constituted juvenile delinquency, the Supreme Court denied the motion. It found that under the circumstances, the violation, if any, of the applicable provisions of the Penal Law, was "only evidence of negligence and the question of contributory negligence must be determined before final disposition may be had" (*id.* at 258).

Similarly, in this case, any violations of the applicable Penal Law provisions are only evidence of negligence and the question of any comparative negligence attributable to the infant plaintiff must also be determined prior to any final disposition of this matter.

The parties' remaining contentions are without merit. Florio, J.P., Crane, Goldstein and Spolzino, JJ., concur.