■ ALAN J. HERDZIK, Individually and as Parent and Natural Guardian of SCOTT HERDZIK, an Infant, Appellant-Respondent, v TOM CHOJNACKI et al., Respondents, and JAMES LOMMER, SR., et al., Respondents-Appellants and Third-Party Plaintiffs, et al., Defendants. HOWARD MICHEL et al., Individually and as Parents and Natural Guardians of JUSTIN MICHEL, an Infant, et al., Third-Party Defendants-Respondents. (Appeal No. 1.) [892 NYS2d 724]—

Memorandum: Plaintiff commenced this action, individually and on behalf of his son, Scott, seeking damages for injuries sustained by Scott when he was struck by a paintball pellet. As against defendants Tom Chojnacki and Cheryl Chojnacki (defendant parents), plaintiff alleged that they provided the paintball gun used by defendant Derek Chojnacki, their son, that caused Scott's injuries. Plaintiff alleged that defendant parents violated Penal Law § 265.10 (5) and that their son violated Penal Law § 265.05. Plaintiff further alleged that defendants James Lommer, Sr. and Maria Lommer, the owners of the property where the incident occurred (defendant property owners), were liable for failure to exercise reasonable care and permitting an untrained individual to use a dangerous instrumentality that constituted an unreasonable risk to others. Plaintiff in addition alleged that defendant property owners and their two sons, who participated in the paintball game, committed statutory violations. Defendant property owners and their sons in turn commenced a third-party action against Justin Michel, who also participated in the paintball game, and his parents.

Third-party defendants thereafter moved for summary judgment dismissing the third-party complaint, and defendant parents and their son and defendant property owners and their sons moved for summary judgment dismissing the complaint in the main action against them. Plaintiff cross-moved for partial summary judgment on the issues of negligence and proximate cause, i.e., liability, against defendant parents and defendant property owners. The moving defendants as well as third-party defendants asserted that Scott assumed the risk that he would be struck by a paintball because that was "the object of the game," thus asserting that plaintiff was barred from recovery based on the doctrine of primary assumption of the risk.

With respect to the order in appeal No. 1, Supreme Court concluded that neither defendant parents nor third-party defendants provided paintball equipment to Scott, and that the equipment was provided "solely by" defendant property owners. The court further concluded that there was no evidence in the record to indicate that any of the children did anything "other than play paint ball in the proper manner." The court, however, also concluded that there was an issue of fact whether

Scott appreciated the nature of the risks associated with playing paintball while wearing the allegedly loose and improper goggles provided by defendant property owners. The court in addition found that there was an issue of fact whether the proximate cause of the accident was the nature of the goggles provided by defendant property owners. The court thus denied that part of the motion of defendant property owners in their individual capacity but granted it insofar as the complaint was asserted against them in their capacity as parents and against their sons. The court, however, granted the motions of defendant parents and their son and third-party defendants.

With respect to plaintiff's cross motion, also addressed in the order in appeal No. 1, the court determined that there was no evidence that defendant property owners provided the gun or the ammunition that was used to shoot Scott and, with respect to defendant parents, there was no proof "that the gun used by [their son] was propelled by a spring or air," thus implicitly determining that Penal Law § 265.05 is inapplicable. The court therefore denied plaintiff's cross motion for partial summary judgment in its entirety.

Following the issuance of the order in appeal No. 1, a trial on liability was held involving only plaintiff and defendant property owners in their individual capacity. The jury found that defendant property owners were not negligent and thus returned a verdict in their favor. In appeal No. 2, plaintiff appeals from the judgment entered upon that jury verdict.

We agree with plaintiff in appeal No. 1 that the court erred in denying that part of plaintiff's cross motion for partial summary judgment on the issue of negligence against defendant parents in their individual capacity. Preliminarily, we note that the court erred in implicitly concluding that a paintball gun does not fall within the scope of Penal Law § 265.05 based on its statement that plaintiff did not offer "any proof that the gun used by [the son of defendant parents] was propelled by a spring or air" (*see DiSilvestro v Samler*, 32 AD3d 987 [2006]). It is undisputed that a paintball gun uses "spring or air" as the propelling force within the meaning of Penal Law § 265.05, which prohibits the unlawful possession of weapons by persons under 16. There is no question that defendant parents provided their son with a paintball gun and that their son was at that time under the age of 16. Therefore, defendant parents violated Penal Law § 265.10 (5), which provides in relevant part that "[a]ny person who disposes of any of the weapons . . . specified in section 265.05 to any other person under the age of sixteen years is guilty of a class A misdemeanor." We agree with plaintiff

that, under those circumstances, the court erred in denying that part of plaintiff's cross motion for partial summary judgment on the issue of negligence against defendant parents in their individual capacity. The court thus also erred in granting that part of the motion of defendant parents for summary judgment dismissing the complaint against them in their individual capacity. Purchasing and then giving a paintball gun to an underage child violates Penal Law § 265.10 (5) and constitutes negligence per se (see *DiSilvestro*, 32 AD3d at 988-989; *see generally Elliott v City of New York*, 95 NY2d 730, 734 [2001]). We therefore modify the order accordingly.

We further note that Penal Law § 265.10 (5) proscribes providing "weapons, instruments, appliances or substances specified in section 265.05 to any other person" under the age of 16 years and that Penal Law § 265.05 specifies that it is unlawful for a person under the age of 16 to possess "any loaded or blank cartridges or ammunition therefor," i.e., for the instruments or weapons set forth in the statute. Thus, pursuant to Penal Law § 265.10 (5), it is unlawful to provide ammunition for a paintball gun to a person under the age of 16. We thus further conclude that the court erred in denying that part of plaintiff's cross motion for partial summary judgment on negligence against defendant property owners in their individual capacity based on their violation of Penal Law § 265.10 (5), because the record establishes that they provided some of the ammunition that was used by the participants in the game. The evidence before the court in the context of the motions and cross motion established that several of the boys brought ammunition that was shared collectively and that neither plaintiff's son nor the son of defendant parents was able to identify who brought the pellet that the son of defendant parents used to shoot plaintiff's son. We therefore further modify the order accordingly. We note that we are affirming those parts of the order in appeal No. 1 denying plaintiff's cross motion with respect to proximate cause.

Based on our determination in appeal No. 1 that the issue of negligence was not properly before the jury, we reverse the judgment in appeal No. 2 and grant a new trial on the issue of proximate cause only. In light of our determination granting a new trial, we address plaintiff's contention in appeal No. 2 that the court erred in refusing to charge the jury on the appropriate standard of care owed by defendant property owners to plaintiff's son. Nevertheless, we reject that contention, inasmuch as we conclude that the court properly refused to charge PJI 2:114, concerning the duties of property owners (*cf. Lasek v Miller*, 306 AD2d 835 [2003]). The court also properly refused

to give three charges derived from PJI 2:24, concerning the common law standard of care for a voluntarily assumed duty. There is no evidence in the record that there was an improvident use of the paintball gun, and thus there is no basis for those three charges based on a duty voluntarily assumed by defendant property owners to plaintiff's son (*see generally Nolechek v Gesuale*, 46 NY2d 332, 338 [1978]). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.