# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

417

CA 11-01808

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

CHRISTIAN DUQUIN, PLAINTIFF,

V                                                     MEMORANDUM AND ORDER

ANDREW CHAMELI, DAWN CHAMELI, JAMES CHAMELI,
DEFENDANTS-RESPONDENTS,
AND WAL-MART STORES, INC., CARE OF CT
CORPORATION SYSTEM, DEFENDANT-APPELLANT.

---

BROWN & HUTCHINSON, ROCHESTER (R. ANDREW FEINBERG OF COUNSEL), FOR
DEFENDANT-APPELLANT.

BROWN & KELLY, LLP, BUFFALO (RENATA KOWALCZUK OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered November 16, 2010. The order, insofar as appealed from, denied in part the motion of defendant Wal-Mart Stores, Inc., Care of CT Corporation System, for summary judgment dismissing the cross claim of defendants Andrew Chameli, Dawn Chameli and James Chameli.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety, and the cross claim against defendant Wal-Mart Stores, Inc., Care of CT Corporation System, is dismissed.

Memorandum: By the amended complaint in this case, plaintiff sought damages from defendant Wal-Mart Stores, Inc., Care of CT Corporation System (Wal-Mart), and Andrew Chameli, Dawn Chameli and James Chameli (collectively, Chameli defendants), for injuries that he allegedly sustained when he was struck by a paintball pellet. By a prior order that is not at issue in this appeal, Supreme Court granted Wal-Mart's motion for summary judgment dismissing the amended complaint against it. Wal-Mart now appeals from an order that, inter alia, denied that part of its motion for summary judgment dismissing the cross claim asserted against it by the Chameli defendants insofar as they sought contribution, but granted the motion insofar as they sought indemnification. We agree with Wal-Mart that, under the circumstances presented here, it owed no duty of care to plaintiff, and thus the court should have granted the motion in its entirety.

The Chameli defendants sought contribution from Wal-Mart on the theories that Wal-Mart was negligent per se because it sold a

paintball gun to plaintiff in violation of Penal Law § 265.10 (5), and that Wal-Mart was negligent in the marketing and sale of paintball guns.  Neither theory supports a claim for contribution in this case.

Under Penal Law § 265.10 (5), "[a]ny person who disposes of any of the weapons, instruments, appliances or substances specified in section 265.05 [of the Penal Law] to any other person under the age of sixteen years is guilty of a class A misdemeanor," and "[i]t is undisputed that a paintball gun uses 'spring or air' as the propelling force within the meaning of Penal Law § 265.05, which prohibits the unlawful possession of weapons by persons under 16" (*Herdzik v Chojnacki*, 68 AD3d 1639, 1641; *see DiSilvestro v Samler*, 32 AD3d 987, 988-989).  Here, however, it is undisputed that plaintiff was not injured by the paintball gun that he purchased from Wal-Mart but, rather, another paintball gun used by one of the Chameli defendants allegedly caused plaintiff's injuries.  "In the ordinary circumstance, common law in the State of New York does not impose a duty to control the conduct of third persons to prevent them from causing injury to others; liability for the negligent acts of third persons generally arises when the defendant has authority to control the actions of such third persons" (*Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 8, *rearg denied* 72 NY2d 953).  By establishing that it did not sell the paintball gun that caused plaintiff's injury and that it had no authority to control the conduct of the Chameli defendants, Wal-Mart met its burden on the motion with respect to Penal Law § 265.05 (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

In addition, by establishing that plaintiff was not injured by a paintball gun that it sold, Wal-Mart met its burden with respect to the Chameli defendants' negligent marketing and sales theory.  Furthermore, "plaintiff[] did not present any evidence tending to show to what degree [his] risk of injury was enhanced by the presence of negligently marketed and distributed [paintball] guns, as opposed to the risk presented by all [paintball] guns in society" (*Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 235).

Inasmuch as the Chameli defendants failed to raise a triable issue of fact as to any common-law or statutory authority pursuant to which Wal-Mart had a duty to plaintiff that would render it liable for contribution to the Chameli defendants (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562), the court was required to grant the motion in its entirety and dismiss the cross claim of the Chameli defendants.

Entered:  April 20, 2012                    Frances E. Cafarell
                                            Clerk of the Court