People v Manning (2024 NY Slip Op 02431)

People v Manning

2024 NY Slip Op 02431

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

235 KA 19-00972

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHANE MANNING, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (ALEXANDER PRIETO, ADMITTED PRO HAC VICE, OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered April 2, 2019. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon (CPW) in the second degree, for possession of a loaded firearm outside his home or place of business (Penal Law § 265.03 [3]), and CPW in the third degree, for possession of an assault weapon (§ 265.02 [7]). The prosecution arose from an incident in which police officers responding to a report of shots being fired observed defendant fleeing into a home while holding a weapon. Following defendant's voluntary surrender, a search of the home recovered a loaded Russian-manufactured Izhmash 7.62 by 39 millimeter semiautomatic rifle with a pistol grip, a detachable magazine, and the stock removed. Both counts of the indictment identified the recovered weapon as a "semiautomatic rifle." At trial, the responding police officers testified that they had observed the weapon in defendant's possession, and a forensic firearms examiner testified that it was operable. After the People rested, defendant moved for a trial order of dismissal, arguing, inter alia, that the People had failed to introduce evidence that the recovered weapon was "designed or redesigned, made or remade, and intended to be fired from the shoulder," a necessary element for a weapon to constitute a "rifle" as defined in Penal Law § 265.00 (11). In response, the People moved to reopen their proof to recall the forensic firearms examiner to testify on the issue. Supreme Court granted the People's motion, and reserved decision on defendant's motion. Upon being recalled, the People's forensic firearms examiner testified that the recovered weapon was designed to contain a stock and to be fired from the shoulder, and that the stock must have been removed at one point after it was manufactured. The People again rested, and the court denied defendant's motion.
Defendant contends that the court erred in permitting the People to reopen their case. We reject that contention. "[A]lthough CPL 260.30 sets forth the sequence of a trial by jury [in a criminal case], [t]he statutory framework . . . is not a rigid one and the common-law power of the trial court to alter the order of proof in its discretion and in furtherance of justice remains at least up to the time the case is submitted to the jury" (People v Owens, 159 AD3d 1349, 1351 [4th Dept 2018] [internal quotation marks omitted]; see People v Olson, 34 NY2d 349, 353 [1974]). Where the People inadvertently fail to submit evidence with respect to an essential element upon which they have the burden of proof, it is within the discretion of the trial court to grant a motion to reopen their case to allow them to submit that evidence under the "narrow circumstances" where: (1) "the missing element is simple to prove"; (2) such missing element is "not seriously contested"; and (3) "reopening the case does not unduly prejudice the defense" (People v Whipple, 97 NY2d 1, 8 [2001]; see People v Diehl, 128 AD3d 1409, 1410 [4th Dept 2015]). [*2]Here, with respect to the first two of those factors, it was simple for the People to prove that the recovered weapon met the statutory definition of a rifle through the uncontradicted testimony of the forensic firearms examiner, and the missing element was not seriously contested inasmuch as it had not been raised by defendant until after the People rested in an apparent attempt to take advantage of a "technical omission" in their proof (Whipple, 97 NY2d at 7; see People v McCorkle, 111 AD3d 557, 557-558 [1st Dept 2013], lv denied 24 NY3d 963 [2014]). With respect to the third factor, although defendant contends that he was prejudiced by an alleged misappropriation of "defense work product" as a result of the reopening of the People's case (Whipple, 97 NY2d at 8), we conclude under these circumstances that the "noticing [of] a facial requirement of [Penal Law § 265.00 (11)] that was [previously] uncontested" does not rise to the level of attorney "work product" (id.).
Defendant also contends that the evidence is legally insufficient to support the conviction because the People failed to prove that the recovered weapon was a rifle as defined in Penal Law § 265.00 (11). Viewing the evidence in the light most favorable to the People, as we must (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences from which a rational jury could conclude that "the [weapon] was intended to be shot from the shoulder" (People v Dade, 187 AD2d 959, 960 [4th Dept 1992], lv denied 81 NY2d 838 [1993]; see also People v Crivillaro, 170 AD2d 312, 312-313 [1st Dept 1991], lv denied 77 NY2d 993 [1991]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Where, as here, the defendant's challenge is focused upon the credibility of a witness, we accord "great deference to the resolution of credibility issues by the trier of fact because those who see and hear the witnesses can assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record" (People v Cole, 111 AD3d 1301, 1302 [4th Dept 2013], lv denied 23 NY3d 1019 [2014], reconsideration denied 23 NY3d 1060 [2014] [internal quotation marks omitted]). Here, although a different verdict would not have been unreasonable based on all of the credible evidence (see Danielson, 9 NY3d at 348; Bleakley, 69 NY2d at 495), the jury credited the uncontradicted testimony of the People's expert, and we see no basis to disturb that determination (see People v Smith, 73 AD3d 1469, 1470 [4th Dept 2010], lv denied 15 NY3d 778 [2010]).
Defendant further contends that the CPW counts of which he was convicted should be dismissed because Penal Law §§ 265.03 (3) and 265.02 (7) are unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]). Inasmuch as defendant failed to raise a constitutional challenge before the trial court, any such challenge is not preserved for our review (see People v Maddox, 218 AD3d 1154, 1154-1155 [4th Dept 2023], lv denied 40 NY3d 1081 [2023]; see also People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]), and we decline to exercise our power to review defendant's unpreserved contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Contrary to defendant's contention, his "challenge to the constitutionality of a statute must be preserved" (People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006], rearg denied 7 NY3d 742 [2006]; see People v Cabrera, 41 NY3d 35, 42-51 [2023]).
We reject defendant's contention that the sentence is unduly harsh and severe. Finally, to the extent that defendant further contends that he was penalized for exercising his right to a jury trial, that contention is unpreserved for our review (see People v Huddleston, 160 AD3d 1359, 1362 [4th Dept 2018], lv denied 31 NY3d 1149 [2018]).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court